# HENRY LEFFINGWELL v. FREDERICK GRIFFING.

DENIAL OF AVERMENTS OF COMPLAINT.—If an answer merely denies what is non-essential in the averments of a complaint, it is an admission of all that is essential to a recovery.

DENIAL OF ALLEGATION IN COMPLAINT.—If the complaint avers that the defendant is indebted to the plaintiff in the sum of three thousand dollars gold coin, for so much money received by defendant for plaintiff's use, and the answer denies that defendant received three thousand dollars in gold coin for plaintiff's use, it is only a denial of its receipt in gold coin, and does not raise an issue.

COMPLAINT WITH TWO COUNTS.—If the complaint contains two counts, and the answer takes issue on the allegations of one only, plaintiff is entitled to judgment on the other.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Plaintiff recovered judgment in the Court below, and defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*B. S. Brooks*, for Appellant.

*Grey & Brandon*, for Respondent.

By the Court, Shafter, J.:

The complaint is in two counts. The first count alleges that the defendant promised the plaintiff, if he would find a purchaser for certain real estate in San Francisco, that the defendant would pay the plaintiff for his services the excess of the purchase money over and above the sum of sixty-two thousand dollars; that the plaintiff procured F. H. Waterman to buy at sixty-five thousand dollars, which sum the defendant had actually received.

The second count is for three thousand dollars, as so much money had and received by the defendant to the plaintiff's use. No allusion is made to Waterman or the purchase money paid by him, or to the sixty-five thousand dollars, or to any feature of the special contract. The count is, in short, for money had and received in the most general form. No bill of particulars was asked for, nor was any filed.

Issue was well taken on the first count, but to the second count there was no response. The only passage in the answer that can be claimed to have any reference to that count is this: " He denies that he received three thousand dollars in gold coin, parcel of the sixty-five thousand dollars, to and for the use of the plaintiff." This denial is bad for two reasons: First—The count does not charge that the three thousand dollars sued for was parcel of sixty-five thousand dollars, or of any other sum, but three thousand dollars absolutely and without clog. The traverse is therefore pregnant with an admission that three thousand dollars had been received as charged—that is, three thousand dollars disconnected from the circumstance named in the denial, and spoiling its pith. Second—The traverse is vitiated for another but kindred reason. The denial is that the three thousand dollars was received in gold coin. That involves an admission that three

thousand dollars was received in either one of the two other forms of lawful money, and therein it denies what was non-essential and admits all that was essential to a recovery.

Judgment affirmed.