[S. F. No. 3285.   Department One.—January 20, 1904.]

CALIFORNIA CURED FRUIT ASSOCIATION, Respondent, v. F. E. STELLING, H. G. STELLING, and JOHN STELLING, Appellants.

CLAIM AND DELIVERY—RIGHT OF POSSESSION OF PRUNE CROP—CONTRACT FOR POSSESSION AND SALE—DELIVERY TO AGENT—RETAKING BY DEFENDANTS.—Where the defendant brothers made a contract for the exclusive possession and right of possession of their prune crop by the plaintiff, which was to undertake the inspection, packing, and sale thereof for the highest obtainable prices, and delivered the crop to plaintiff's agent for packing on account of plaintiff, and afterward retook the possession thereof, the facts show that the plaintiff had the possession and right of possession of the prunes when so retaken, and had the right of possession under the contract at the time of the commencement of an action for claim and delivery of the prune crop.

ID.— RIGHT OF PROPERTY—DUTY OF PLAINTIFF TO ACCOUNT.—The right of possession of the plaintiff under the contract did not carry with it the right of property; and the plaintiff must comply with its contract, and account to defendants for the proceeds of sale of the prunes.

ID.—DEFENSE—TRANSFER TO CO-DEFENDANT—BONA FIDE PURCHASE NOT SHOWN—EQUITABLE INTEREST—SUBJECTION TO RIGHTS OF PLAINTIFF.—A transfer of the prune crop by the defendant brothers to a co-defendant, who was their father, does not entitle him to protection as a *bona fide* purchaser where there was no proof of the payment of purchase money therefor in good faith by the father, nor that he was without notice of all the facts; nor does the rule as to *bona fide* purchasers extend to the assignment of an equitable

interest. The defendant father stands in no better position than his co-defendants, who could only convey their rights subject to the contract rights of the plaintiff.

ID.—DEMAND BEFORE SUIT, WHEN UNNECESSARY.—Where the prunes taken by defendants from the possession of the plaintiff before suit, and transferred by them to their co-defendant, were, in the action of claim and delivery, demanded by them to be returned to such co-defendant as owner, it is evident that a demand by the plaintiff upon the defendants for the possession of the prunes before suit would have been unavailing, and it was therefore unnecessary.

ID.—EVIDENCE—CONSIDERATION FOR TRANSFER—ABSENCE OF NOTICE NOT CLAIMED.—It was not error to exclude proof of a greater consideration than that expressed in the transfer where it was not claimed that the transferee bought without notice of the facts.

ID.—CONTRACTS WITH CORPORATIONS—COLLATERAL ATTACK UPON CORPORATIONS—ESTOPPEL.—Where the defendants made the contract with plaintiff and its agent as corporations, they will not be allowed by way of collateral attack to deny that they were such corporations.

ID.—VALIDITY OF CONTRACTS.—The defendants will not be allowed in the action for claim and delivery, which involves only the validity of the contracts so far as performed, and is not an action to enforce the contracts, nor to compel the performance of them, to raise questions as to whether they are in restraint of trade or against public policy. There is no question of public policy or restraint of trade in restoring the parties to the position in which they had by mutual agreement placed themselves.

ID.—RECOVERY OF POSSESSION—ERROR IN ALTERNATIVE JUDGMENT FOR VALUE IMMATERIAL.—Where the plaintiff gave a bond and retook possession of the prunes, and retained the same, the alternative judgment for value is immaterial, though for too large an amount.

ID.—CONTRACTS OF PARTIES—PUBLIC POLICY.—Parties should be careful about making contracts and creating agents, but when once made the courts will not relieve them for light or trivial reasons. Public policy is better served by leaving the parties and their rights to be measured by the terms of their contracts.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. J. M. Seawell, Judge presiding.

The facts are stated in the opinion.

John B. Kerwin, for Appellants.

The contract is executory, and cannot be specifically enforced. (Civ. Code, secs. 3386, 3387.) One who has no title

except by contract with the owner, upon the performance of certain conditions, cannot maintain replevin. (*Cardinell* v. *Bennett,* 52 Cal. 476.) The contract was void as being in restraint of trade and against public policy. (*Pacific Factor Co.* v. *Adler,* 90 Cal. 110;[1] *Santa Clara etc. Co.* v. *Hayes,* 76 Cal. 387;[2] *Havemeyer* v. *Superior Court,* 84 Cal. 378;[3] *Wright* v. *Ryder,* 36 Cal. 342;[4] *Vulcan Powder Works* v. *Hercules Powder Co.,* 96 Cal. 510;[5] *Herriman* v. *Menzies,* 115 Cal. 16;[6] *Wasserman* v. *Sloss,* 117 Cal. 433;[7] *United States* v. *Hopkins,* 82 Fed. 529; *United States* v. *E. C. Knight Co.,* 156 U. S. 16; *United States* v. *Trans-Missouri Freight Assn.,* 166 U. S. 331-334; *United States* v. *Joint Traffic Assn.,* 171 U. S. 567-592; *Addyston Pipe etc. Co.* v. *United States,* 175 U. S. 227-235; *Chesapeake etc. Fuel Co.* v. *United States,* 115 Fed. 610.) A demand was alleged but not proved, and, as the possession was lawful, a demand was necessary before suit for claim and delivery. (*Bacon* v. *Robson,* 53 Cal. 399; *Campbell* v. *Jones,* 38 Cal. 507.) John Stelling is entitled to be protected as an innocent purchaser for value. (Civ. Code, sec. 3440.) The plaintiff has no cause of action against John Stelling, who was no party to the contracts. (Civ. Code, sec. 3387.) The plaintiff was not entitled to recover more than its stipulated two per cent of the prunes, leaving defendants the owners of ninety-eight per cent. (*California Cured Fruit Assn.* v. *Ainsworth,* 134 Cal. 461; *Lambert* v. *McLeod,* 63 Cal. 162.)

Jackson Hatch, for Respondent.

The plaintiff had under the contract a superior and exclusive right of possession, which was sufficient to sustain the action. (Wells on Replevin, sec. 110.) Under the facts of the case no demand was necessary, the conduct of defendants being sufficient to show that it would be unavailing. (Wells on Replevin, sec. 345; *Cranz* v. *Kroger,* 22 Ill. 74; *Appleton* v. *Barrett,* 29 Wis. 21;[8] *Seaver* v. *Dingley,* 4 Greenl. 307; *Smith* v. *McLean,* 24 Iowa, 337; *Newell* v. *Newell,* 34 Miss.

---

[1] 25 Am. Rep. 102.

[2] 9 Am. St. Rep. 211.

[3] 18 Am. St. Rep. 192.

[4] 95 Am. Dec. 186.

[5] 31 Am. St. Rep. 242.

[6] 56 Am. St. Rep. 82.

[7] 59 Am. St. Rep. 209.

[8] 9 Am. Rep. 534.

385; *Perkins* v. *Barnes,* 3 Nev. 557; *Homan* v. *Labor,* 1 Neb. 207.) The contract was not in restraint of trade. (*Herriman* v. *Menzies,* 115 Cal. 16, 20.[1]) Rights acquired under such a contract cannot be evaded. (*Havemeyer* v. *Superior Court,* 84 Cal. 378.[2])

COOPER, C.—This action was brought to recover the possession of two hundred and twenty-five tons of dried prunes or the sum of $17,543.14, the value thereof, in case a delivery cannot be had.

The case was tried before the court and findings filed, upon which judgment was ordered and entered in favor of plaintiff as prayed. Defendants bring this appeal from the judgment and order denying their motion for a new trial.

The defendants F. E. and H. G. Stelling (who will hereafter be called Stelling Bros.), in March, 1900, entered into a written contract with the plaintiff, which recited that, in consideration of the sum of one dollar and the further covenants contained in the contract, the said Stelling Bros., "has sold and transferred and does by these presents sell and transfer and set over to the said association an undivided interest equal to two per cent in his ownership or interest (free from all encumbrances) in and to all crops of green and cured prunes which shall be grown by or for him on the premises hereinafter described during the years 1900 and 1901, . . . and the said association, in consideration of the sale and transfer to it of the said undivided interest, does by these presents promise and agree with the said first party to undertake the inspection, packing and sale of said entire crop, to establish and maintain uniform grades of fruits and nuts, as to size, condition and quality, and to procure such packing to be done in conformity therewith; also to make sale of such respective grades, under its own trademark and guarantee, and to make said sales as speedily as possible and for the highest obtainable prices. . . . Said association also agrees to advance and pay all expenses necessary in and about the inspection and packing of said crops and in storing and moving the same." The contract further provided that Stelling Bros. should cultivate and care for the said crop at their own

[1] 56 Am. St. Rep. 82.          [2] 18 Am. St. Rep. 192.

expense, and cure the said prunes to the satisfaction of plaintiff's inspector, and then deliver them to plaintiff, "said crop thereafter to be and remain at all times in and under the exclusive possession and control of said association." The contract further provided: "Said association shall have a lien upon said crops for a repayment to it of any and all moneys paid or advanced for storage, insurance, inspection, packing charges and commissions paid or allowed in connection with the sale of said crops." It was further provided in said contract that if Stelling Bros. "shall fail to deliver said crops as soon as picked and cured to the said association as hereinbefore provided, that the said association shall be entitled to assume and take exclusive possession and control of said crops."

On June 30, 1900, the plaintiff entered into a contract with the California Packers' Company, a corporation, by the terms of which the packers' company, among other things, was, as the agent of plaintiff, to receive, grade, and pack all the prunes of plaintiff. On July 28, 1900, the said Stelling Bros. entered into a contract with said packers' company, by the terms of which they leased to said company the warehouse and prune-packing plant in connection therewith. The lease provided that said Stelling Bros. were to remain in possession of said warehouse and prune-packing plant and conduct it, and the business in connection with grading and packing prunes as the agents and representatives of the said packers' company, the prunes to be so graded and packed, being the prunes referred to in the contract made by plaintiff with the said packers' company.

The court found that said Stelling Bros., in accordance with said contract so entered into between them and the plaintiff on March 14, 1900, delivered to said California Packers' Company for the account of plaintiff the prunes in contest. This finding is supported by the evidence, which shows without conflict that the California Packers' Company was the agent of plaintiff for the purpose of receiving and packing the prunes; that the prunes when picked were hauled by Stelling Bros. and delivered to the California Packers' Company for plaintiff; that warehouse receipts were issued and delivered to Stelling Bros. for the prunes. We therefore conclude that

the plaintiff had the possession and the right to the possession, under its contracts, of the prunes at the time they were taken from its possession. It had the right to the possession at the time of the commencement of the action. Of course, the right to the possession does not carry the right of property, and the plaintiff must comply with its contracts and account to the defendants for the proceeds of the prunes. It appears that before the commencement of this action Stelling Bros. executed and delivered to their father, defendant John Stelling, a transfer of the prunes in the following language:—

"SAN JOSE, CALIF., Feb. 14th, 1901.

"For and in consideration of the sum of ten dollars and other good and sufficient considerations, we sell, assign and transfer to John Stelling all our right, title and interest in and to the following described personal property to wit: 225 tons more or less of dried French prunes now in the warehouse upon the lands of said John Stelling; 6,000 50-lb. prune-packing boxes and all money that is now due or may become due us or either of us from the California Cured Fruit Association. "F. E. STELLING.

"Witness: Karl Klein." "H. G. STELLING.

It is claimed that, by virtue of the above writing, John Stelling became a *bona fide* purchaser for value of the prunes while they were under the control and dominion of Stelling Bros.

The court found that John Stelling never had nor claimed any interest in the prunes, except such interest as was conveyed to him by said writing, and that the only interest he now claims is the interest conveyed by said writing. The evidence supports the finding. John Stelling was a witness in his own behalf, but he did not testify that he paid anything for the prunes, nor that he was without notice of all the facts. He did testify that he had no interest in the prunes except the interest transferred by the writing. The writing states on its face that it conveys all the right, title, and interest in and to the prunes "and the money that is now due and to become due" from the California Cured Fruit Association. Of course, Stelling Bros. could convey their right, title, and interest in the prunes, which were rightfully in possession of the plaintiff. The right and title of Stelling Bros. were sub-

ject to the right and title of plaintiff under its contract. By the transfer to John Stelling they only conveyed the right and title they had and no more. The rule as to *bona fide* purchasers does not extend to the assignee of an equitable interest. (*Hyde* v. *Mangan,* 88 Cal. 319.) The answer of a *bona fide* purchaser is in the nature of a new case founded on right and title set up to bar and avoid the plaintiff's title. To entitle a party to such protection he must prove the payment of the purchase money in good faith and without notice. (*Eversdon* v. *Mayhew,* 65 Cal. 167.) Here there being no proof as to the essential requisites necessary to make John Stelling a *bona fide* purchaser in good faith, we cannot presume that he was such. Hence as to John Stelling, he stands in no different or better position than his co-defendants.

It was not necessary for plaintiff to prove a demand before bringing suit. Defendants took the prunes from the possession of the plaintiff. They claim that John Stelling is the owner and demand a return of the prunes to him. Therefore, it is plain that a demand would have been unavailing. If the defendants had come rightfully into the possession of the prunes, and had never manifested any disposition to claim title to them, and had shown a willingness to surrender them, they could not be made to answer in costs without proof of a demand. But where a defendant sets up title or adverse claim to property in replevin it is not necessary to prove a demand prior to bringing suit.

Complaint is made that several findings are not supported by the evidence, but after careful examination we think that all the material findings are supported by competent evidence.

There was no error in sustaining plaintiff's objection to the question put to F. E. Stelling as to whether he received any other consideration from John Stelling except the ten dollars mentioned. If defendants proposed to show that the sale was not of a qualified title as the writing stated, but of the absolute interest, and that John Stelling bought for an adequate price and without notice of plaintiff's rights, they should have so informed the court. They never claimed that John Stelling bought without notice of the facts, and without

proof of that fact, evidence of the adequacy of the price would have been of no avail, even if it be conceded that the defendants could vary the terms of the bill of sale by parol evidence.

Other rulings are complained of, but we find none of sufficient importance to justify a reversal of the case.

Most of appellants' brief is devoted to arguing that plaintiff is not a legal corporation, and that the contract between Stelling Bros. and the plaintiff, and that between the California Packers' Company and plaintiff and Stelling Bros. are in restraint of trade, against public policy, and void.

Stelling Bros. having made the contracts with the plaintiff, and with the California Packers' Company, as corporations, will not be allowed by way of collateral attack to now deny that they were such corporations. (*Rondell* v. *Fay,* 32 Cal. 354; *Spring Valley Water Works* v. *San Francisco,* 22 Cal. 434; *Pacific Bank* v. *De Ro,* 37 Cal. 538; *Bakersfield Town Hall Assn.* v. *Chester,* 55 Cal. 98.) Nor will they be allowed in this proceeding to raise questions as to the contracts being in restraint of trade and against public policy in regard to matters not involved here. This is not an action to enforce the contracts nor to compel the performance of them. The contracts have been performed so far as the delivery of the prunes to plaintiff under them, and so far as giving the plaintiff the right to the possession of the prunes for the purposes of the contracts. Surely Stelling Bros. will not be allowed to make the contracts and to deliver their prunes under them for the purposes therein specified, and then to convert the prunes to their own use in disregard of the contract because there may, perchance, be some clause in the contract in restraint of trade. It is sufficient to say that the contracts are valid so far as performed. If there should be an attempt to enforce any part of the contracts which can be shown to be against public policy or in restraint of trade, then the court would declare such part void. The only penalty as to contracts in restraint of trade or against public policy is, that courts refuse to enforce them. (*Havemeyer* v. *Superior Court,* 84 Cal. 378;[1] *Continental Insurance Co.* v. *Board of Fire Underwriters,* 67 Fed. 310; *Steamship Co.* v. *McGregor,* 21 Q. B. Div. 544.)

---

[1] 18 Am. St. Rep. 192.

Plaintiff's case is based upon its possession and right of its possession by reason of matters that occurred before the suit was brought. It seeks judgment for the purpose of placing it in the condition in which it was before the prunes were taken from it. There is no question as to public policy or restraint of trade in restoring the parties to the position in which they had by mutual agreement placed themselves.

In arriving at the conclusion herein stated we have not overlooked *California Cured Fruit Assn.* v. *Ainsworth,* 134 Cal. 461, which is easily distinguished from the case at bar. There the action was in trover, and not for the recovery of the prunes. The court, on familiar principles, held that as the plaintiff was only entitled as commission to two per cent of the value of the prunes, it could only recover a money judgment for its damages fourteen dollars. It could not be allowed to recover seven hundred dollars from defendant for the purpose of taking out fourteen dollars, and then repaying the balance, $686, probably at the end of litigation. The courts do not countenance such circuity of action.

In this case it appears that the plaintiff gave a bond and retook possession of the prunes. The alternative judgment for the value is therefore immaterial, although too large in amount. If it has not sold them or used due diligence to sell them in compliance with its contracts, the defendants have their remedy. If by their contracts and the placing of the prunes in the possession of the plaintiff and making it their agent to dispose of the prunes, they should lose money, the answer is, that the situation was brought about by the voluntary act of Stelling Bros. Parties should be careful about making contracts and creating agents, but when once made the courts will not relieve them for light or trivial reasons. Public policy is much better subserved in such cases by leaving the parties and their rights to be measured by the terms of their contracts.

It follows that the judgment and order should be affirmed.

For the reasons given in the foregoing opinion the judgment and order are affirmed.      Shaw, J., Van Dyke, J.

Angellotti, J., concurred in the judgment.

Hearing in Bank denied.