[L. A. No. 2393.   Department One.—December 9, 1909.]

## JAMES F. FULKERSON et al., Respondents, v. THERESIA STILES et al., Appellants.

QUIETING TITLE TO COMMUNITY PROPERTY—PLEADING—TITLE TAKEN IN NAME OF WIFE—INTENT TO MAKE GIFT.—In an action by a married man to quiet title to land standing in the name of his wife, a complaint alleging that he is the owner of the property, that it was acquired in February, 1907, after his marriage, with community funds, and that the title was taken in the name of his wife merely to please her, and with no intent to make a gift to her, sufficiently avers the community character of the property, the ownership of which the law places in the husband, and negatives the presumption that would otherwise arise under section 164 of the Civil Code, that it was her separate estate.

ID.—GENERAL CREDITOR OF WIFE—JUDGMENT CREDITOR—ENCUMBRANCER IN GOOD FAITH—PRESUMPTION OF SEPARATE PROPERTY.—A general creditor of a married woman who had recovered a judgment against her upon a debt originally accruing to him, prior to the time when a deed of community property was taken in her name, is not an encumbrancer in good faith and for a valuable consideration, within the meaning of section 164 of the Civil Code, creating a conclusive presumption in favor of such an encumbrancer that property conveyed to a married woman by an instrument in writing is her separate estate.

ID.—WHAT CONSTITUTES ENCUMBRANCER IN GOOD FAITH—PAYMENT OF CONSIDERATION.—The phrase "encumbrancers in good faith and for a valuable consideration," means persons who have taken or purchased a lien, or perhaps merely the means of obtaining one, and who have parted with something of value in consideration thereof. The payment of the money, or the parting with something of value, is essential.

ID.—INTENT TO MAKE GIFT—EVIDENCE OF INTENTION.—Where land is purchased with community funds, the mere taking a conveyance thereof in the name of the wife, would not constitute a gift of the property to her, in the absence of any intention to make a gift;

and the testimony of the husband and wife as to their intention with respect to the conveyance is competent.

APPEAL from a judgment of the Superior Court of Ventura County and from an order refusing a new trial. Felix W. Ewing, Judge.

The facts are stated in the opinion of the court.

B. T. Williams, and Don G. Bowker, for Appellants.

Barnes & Selby, Edward M. Selby, and Clarke & Farrand, for Respondents.

SHAW, J.—The defendants appeal from a judgment and from an order denying their motion for a new trial.

The complaint purports to state a cause of action in favor of James F. Fulkerson to quiet title to land claimed as community property, but standing in the name of Fannie L. Fulkerson, who is the wife of James. A general demurrer to the complaint was overruled and this ruling is assigned as error. The complaint alleges that James F. Fulkerson is the owner of the land; that it was purchased by him in February, 1907, after his marriage with Fannie L. Fulkerson, that it was paid for with community funds, that the title thereto was taken in the name of his wife, but that he did not intend thereby to make a gift thereof to his wife and did not in fact make such gift, and that the title was so placed "merely for the purpose of pleasing his wife." It appears from the complaint that the defendants held judgment liens against the property of the wife, upon one of which an execution had been issued which, at the time the action was begun, had been levied upon the land in question. The defendants contend that the facts alleged, as above stated, show that the land was conveyed to the wife as a gift from the husband, and that it was her separate property. We do not think there is any ground for this contention. It is explicitly stated that James F. Fulkerson is the owner of the land. The fact that it was acquired after marriage with community funds makes it community property, the ownership of which the law places in the husband. The allegation that, although the title was taken in his wife's name, he did not intend to give it to her, is an allegation of fact which negatives the presumption that would otherwise

arise under section 164 of the Civil Code, that it was her separate estate.

Section 164, aforesaid, declares that when property is conveyed to a married woman by an instrument in writing it is presumed to be vested in her as her separate estate, and that this presumption "is conclusive in favor of a purchaser or encumbrancer in good faith and for a valuable consideration." It is claimed that the complaint shows that the defendants are encumbrancers in good faith and for a valuable consideration, and hence, that the land is, in their favor, conclusively presumed to be the separate property of Fannie L. Fulkerson and subject to their judgment liens against her. The amended complaint, upon that point, alleges that the defendants recovered judgments in the superior court of the county against both of the plaintiffs, which judgments stand unsatisfied, and which would constitute liens upon their property in the county subject to execution, and that an execution upon one of the judgments had been levied upon this land, that the land had been advertised for sale thereon, and that shortly after the action was begun it had been sold on said execution to one of the judgment plaintiffs, but that before said sale said purchaser was given actual notice that the land was not the separate property of Fannie L. Fulkerson, but was the community property of plaintiffs. It was further stated that James F. Fulkerson, in the mean time, had been adjudged a bankrupt and that he had been discharged from these debts by the United States court in bankruptcy. This discharge disposed of the judgments, so far as he was concerned.

A judgment plaintiff has a mere general lien upon the real property of the judgment defendant. Such lien is an encumbrance, but the original judgment plaintiff is not ordinarily an encumbrancer for a valuable consideration. Whether or not one who purchases such judgment for a valuable consideration, or one who has purchased the debt for a valuable consideration and then recovers judgment upon it, would be an encumbrancer in good faith and for a valuable consideration and as such entitled to the protection of the conclusive presumption prescribed by section 164, would be an interesting question, if it arose. But there is nothing here to show anything more than that the defendants were merely general creditors who had recovered judgments upon debts originally

CLVI Cal.—45

accruing to them. Their judgments were rendered before the land was purchased and before the deed to Fannie L. Fulkerson was made. It is obvious therefore that they did not part with anything of value upon the faith of the conveyance to her. The phrase "encumbrancers in good faith and for a valuable consideration," means persons who have taken or purchased a lien, or perhaps merely the means of obtaining one, and who have parted with something of value in consideration thereof. The payment of the money, or the parting with something of value, is essential. (*Davis* v. *Ward,* 109 Cal. 191, [50 Am. St. Rep. 29, 41 Pac. 1010]; *Wilhoit* v. *Lyons,* 98 Cal. 413, [33 Pac. 325]; *Eversdon v. Mayhew,* 65 Cal. 167, [3 Pac. 641]; *Kenniff* v. *Caulfield,* 140 Cal. 45, [73 Pac. 803]; *California Assoc.* v. *Stelling,* 141 Cal. 719, [75 Pac. 320].) A pre-existing debt is so far a valuable consideration that one who releases it, or parts with title to it, is, in this state, deemed to have parted with value and to have given a valuable consideration so as to be entitled to protection as a purchaser in good faith. But the cases so holding do not aid the defendants. They did not release or transfer their debts, nor acquire them from third persons. The recovery of judgment thereon did not prejudice them and did not give them the *status* of *bona fide* purchasers or encumbrancers within the meaning of this law.

Appellants claim that the evidence does not support the finding that the land was not conveyed to the wife as a gift. The husband and wife each testified that there was no intention or purpose to make a gift to her, or to make the property her separate estate. The wife testified that she did not understand that the property was to be hers. There is no evidence to the contrary. Without such intention to make a gift, the mere conveyance to her would not invest it with that character. (*Fanning* v. *Green, ante* p. 279, [104 Pac. 308].) There are some rulings which are assigned as error upon the admission of this testimony and other testimony of like character. We think that the testimony of the plaintiffs as to their intention with respect to the conveyance to the wife was competent testimony. We find no error in the record.

The judgment and order are affirmed.

Angellotti, J., and Sloss, J., concurred.