[L. A. No. 4738. Department One.—April 19, 1919.]

W. S. TOLBARD, Appellant, v. JOHN C. CLINE, as Sheriff, etc., et al., Respondents.

[1] Injunction—Execution Sale—Husband and Wife—Transfer in Fraud of Creditor.—In this action by a husband against a sheriff to enjoin the sale under execution of certain real property at the instance of a judgment creditor of the wife, it is held the evidence supports the findings that the original conveyance of the property

which was taken in the wife's name was intended as a gift to her, and that her subsequent conveyance to a third party, who in turn conveyed it to the husband, was for the purpose of defrauding such creditor.

[2] PLEADING—AMENDMENT—DISCRETION.—The amendment of a pleading lies within the sound discretion of the trial court.

[3] ID.—AMENDMENT OF ANSWER—ESTOPPEL.—It is not an abuse of discretion to permit an answer to be amended during the trial to set up an estoppel, although the matter embraced in the estoppel was known to the defendant when the original answer was filed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Alfred W. Allen and Fred W. Heatherly for Appellant.

Lee C. Gates and W. S. Allen for Respondents.

LAWLOR, J.—This action was brought to enjoin the defendants from selling certain property against which an execution had been levied. The case was tried before the court sitting without a jury. Judgment was entered in favor of the defendants. The plaintiff appeals from the judgment and from the order denying his motion for a new trial.

On March 7, 1913, Mrs. Lillie Ward, one of the defendants herein, leased to Mrs. R. A. Tolbard, wife of the plaintiff, an apartment house for "five years from March 7, 1913, at three hundred dollars per month, payable in advance." The rent for the first and last month of the term was paid on the execution of the lease.

At the time of making the lease the two pieces of property which are involved in this action stood in the name of Mrs. Tolbard. This property is situated in the city of Long Beach. "Parcel A," also referred to as the "home place," was deeded to Mrs. Tolbard "as her separate estate," while the deed to "Parcel B" was silent as to whether or not it was to be her separate estate. The evidence showed without conflict that both parcels were paid for by the plaintiff out of community funds.

On May 4, 1914, Mrs. Tolbard deeded the property to Mrs. Iola Thompson, who later transferred it to the plaintiff.

CLXXX Cal.—16

Thereafter, and for the months of August to December, 1914, inclusive, Mrs. Tolbard failed to pay the rent as provided in the lease. It appears that Mrs. Ward had had some trouble in collecting the rent for the months of April and May, 1914, and that on May 1, 1914, she had threatened to levy against the above-mentioned property, standing at that time in Mrs. Tolbard's name, if the rent were not paid. The plaintiff denies, however, that the transfer of the property to Mrs. Thompson, and thence to him, was made for that reason.

Mrs. Ward recovered judgment against Mrs. Tolbard for the amount of the unpaid rent, and execution was levied on the property above described as parcels A and B. The plaintiff by this action seeks to restrain the sale of this property, alleging in his complaint that it is community property and therefore not subject to his wife's debts.

The defendants denied that the property is community property, and alleged that it is the separate property of the wife, conveyed fraudulently to avoid payments of the rent under the lease. In an amended answer it was alleged further that the plaintiff, by his representations and conduct, is estopped to deny his wife's title to the property.

The court found that the property in question had been deeded to Mrs. Tolbard, that "Parcel A" stood of record "as her separate property," and that "Parcel B" was in her name presumptively as her separate property. That at the time the lease of the apartment house was entered into between Mrs. Tolbard and Mrs. Ward the plaintiff had told Mrs. Ward that this property was owned by his wife, and that Mrs. Ward might look to that property as security for the payments of rent to become due under the lease. That Mrs. Tolbard had taken Mrs. Ward to see the property and pointed it out as her own separate property. That relying upon the conduct, representations, and statements made by the plaintiff and his wife, Mrs. Ward had entered into the lease without any bond to secure the payments of the rent, which she would not otherwise have done. That having made such representations with full knowledge and notice of all the facts and circumstances of the lease and regarding the title of record of the property, plaintiff had full knowledge and notice of the fact that Mrs. Ward was extending credit to Mrs. Tolbard upon the faith of the representations and statements and conduct of the plaintiff and Mrs. Tolbard as to the ownership of said properties, and therefore plaintiff is estopped

to deny that she was the owner. That Mrs. Ward had difficulty in collecting the rent for the apartment house for the months of April and May, 1914, and that she had told Mrs. Tolbard that she would proceed to collect the rent out of the property of Mrs. Tolbard if the rent were not paid. That the transfer of the properties through Mrs. Thompson to the plaintiff was made with the "intent and design to sequester said properties and to hinder this defendant, Lillie Ward, from subjecting said properties to the payment of the rent then due or to become due under the terms of the lease of said apartments." That the plaintiff on or about the last day of April, 1914, knowing that his wife was unable to pay the rent, and anticipating trouble with Mrs. Ward over the matter, with the intent and design to defraud Mrs. Ward, and to keep her from subjecting the properties to the payment of any rent due or to become due under the lease, counseled with one E. J. Starr, a notary public of Long Beach, regarding the transfer of the title of the said properties, and authorized Starr to make such disposition of the properties as to him might seem best to keep Mrs. Ward from selling them to satisfy her claims for rent. That Starr accordingly, on May 4, 1914, caused deeds to be made transferring the properties from Mrs. Tolbard to Mrs. Thompson, and that on the same day Starr caused deeds to be made conveying the said properties from Mrs. Thompson to the plaintiff. That the deeds from Mrs. Tolbard to Mrs. Thompson were recorded and returned to Starr, but that the deeds from Mrs. Thompson to the plaintiff were never recorded; that these deeds, in a packet with other papers were, in the latter part of June, 1914, given by Starr to the plaintiff, who put the packet away without examining the contents. That the deeds to Mrs. Thompson and from her to the plaintiff were without consideration and were never delivered, and that the property is still presumptively the separate property of Mrs. Tolbard.

From these findings the court concluded as matter of law that the plaintiff is not entitled to an injunction restraining the defendants from selling the said properties on execution.

The appellant's chief contention is that there was no evidence on which the court could base its finding that the property involved in this controversy was the separate property of Mrs. Tolbard, and that the transfer to Mrs. Thompson was for the purpose of defrauding Mrs. Ward.

Section 164 of the Civil Code provides: "All other property acquired after marriage by either husband or wife, or both, is community property; but whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." *Fulkerson* v. *Stiles*, 156 Cal. 703, [26 L. R. A. (N. S.) 181, 105 Pac. 966], was an action brought by the husband against a judgment creditor of his wife to quiet title to land standing in her name, against which an execution had been levied for debts of the wife incurred before the property was deeded to her. It was held that in the absence of evidence of a gift, the facts that the property had been bought out of community funds, and that the husband and wife both testified that a gift was not intended, negative the presumption that would otherwise arise under section 164 of the Civil Code, that it was her separate property.

[1] But that case is not in point. The record shows that there was evidence on which to base both of these findings— that the deeding of the property to Mrs. Tolbard was intended as a gift to her, and that the transfer to Mrs. Thompson was made with the intention to defraud Mrs. Ward. The plaintiff testified that he knew that his wife was to take title. "I told my wife she could have the property deeded to her." G. W. Scott, the real estate dealer, testified that Mrs. Tolbard directed that the property be deeded to her "as her separate property." Mrs. Ward testified that the plaintiff told her at the time they were about to enter into the lease that Mrs. Tolbard owned parcels "A" and "B." His actions and conduct indicate that a gift to his wife was intended; for while it is true that both the plaintiff and his wife testified to the contrary, and that the property had been put in Mrs. Tolbard's name merely for the sake of convenience, yet the fact that no attempt was made to put the property in the plaintiff's name until Mrs. Ward had threatened to levy against it to collect her rent, taken in the light of all the other circumstances, is evidence tending to prove that the intention was to make a gift.

The testimony of Mrs. Ward that Mrs. Tolbard said to her on May 16, 1914, "Well, Mrs. Ward, I have fixed my property now so you can't touch it. Go ahead," tends to support the finding of fraud in the transfer of the property to Mrs. Thompson. Mrs. Tolbard denied having made such a statement, but her denial only created a conflict in the evidence,

which the court resolved against her. In fact, the record shows that there was a substantial conflict in the evidence throughout, and we cannot hold that the findings of the court are without support.

As already stated, the defendants in their amended answer claimed that the plaintiff is estopped to deny that the property was the separate property of his wife. The plaintiff contends that this defense should not be entertained for the reasons that the amended answer was improperly allowed, that the defense of estoppel was not sufficiently pleaded and that the evidence does not support the finding of estoppel.

Appellant urges that the court erred in permitting the amendment to the answer to be filed during the trial, especially so since the defense of estoppel set out in the amendment was known for a considerable time before the trial. [2] It is well established that the amendment of a pleading lies within the sound discretion of the trial court. In *Pierson* v. *McCahill*, 22 Cal. 130, 131, this court said: "The fact that the new matter set up by the amendment was well known to the defendant when he filed his original answer, was no good reason why he should not have been permitted to amend. The rules relating to the amendment of pleadings are properly very liberal, and much is left to the judgment and discretion of the court below." [3] We think that the trial court did not abuse its discretion in allowing the amended answer.

It is immaterial whether the matter of estoppel was sufficiently pleaded, or whether there were sufficient facts upon which to base such a defense. It having been proved that the property was not community property, but that it was the separate property of Mrs. Tolbard, the question of estoppel does not enter. Such a bar could have been raised only where it had been found that the property was community property, subject to the control of the plaintiff.

It is contended that the court failed to find whether the property deeded by the plaintiff to Mrs. Tolbard was paid for by plaintiff out of community funds. The court did not make a specific finding on this issue. The plaintiff and Mrs. Tolbard both testified that the property was thus paid for. So even if such a finding should have been made the plaintiff was not prejudiced by the failure of the court to make it. There was no dispute on the question. The real dispute was as to whether, when the plaintiff deeded the property to Mrs. Tolbard, it was to be her separate property or to remain

community property, but standing in her name for the sake of convenience, as was testified.

Nor is it material that the court failed to find that the judgment against Mrs. Tolbard, on which execution was issued, was on her own contractual obligation and that the plaintiff was not interested in it. The finding that Mrs. Tolbard had entered into the lease independently and on her own responsibility sufficiently answers this point.

The judgment and order are affirmed.

Shaw, J., and Olney, J., concurred.