SHAW, J., Concurring.
I concur in the opinion of Judge McLucas, but I think the record discloses an additional reason for affirming the judgment. This appeal being presented on the judgment-roll only, the findings are con- *791 elusive upon us as to the facts. One of those findings is that the claim sued on “was assigned” to the plaintiff. This imports a completed assignment (including, if it was in writing, the signature and delivery of the writing), by which the title to the claim assigned passed to the plaintiff. (3 Cal. Jur. 233, 234; Burkett v. Doty, 176 Cal. 89, 92 [167 Pac. 518]; Curtin v. Kowalsky, 145 Cal. 431, 434, 435 [78 Pac. 962].) The remainder of this finding states that by the contract of assignment plaintiff agreed to do certain things. Conceding, for the purpose of argument, that this agreement was illegal, yet it amounts to nothing more than the consideration for which the assignment was made. A completed assignment is an executed contract, to which the rule regarding illegality of consideration does not apply. (Burkett v. Doty, supra; Curtin v. Kowalsky, supra; Ripperdan v. Weldy, 149 Cal. 667, 676 [87 Pac. 276].) It is no less effective as a transfer of title because made without consideration, or for an illegal consideration, or voidable for any other reason. Hence, the plaintiff was, by the assignment, vested with title to the claim and could maintain an action upon it. One who obtains property for an illegal consideration does not become an outlaw, nor is the property forfeited to anyone who can gain possession of it. (See Wayman Inv. Co. v. Wessinger, 13 Cal. App. 108, 110 [108 Pac. 1022]; California etc. Assn. v. Stelling, 141 Cal. 713, 720 [75 Pac. 320].) As against all except him from whom he obtained the property such a person is the owner of it and may resort to the courts to protect it, or, if it be a chose in action, to enforce it. His rights against the person from whom he obtained the property are not here in question, but would doubtless be determined on a consideration of the question whether both parties were in pari delicto.