[L. A. No. 16074. In Bank.—April 26, 1937.]

DOS PUEBLOS RANCH & IMPROVEMENT COMPANY (a Corporation), Respondent, v. ROLLO ELLIS et al., Appellants.

M. H. Peterson and P. Talbot Hannigan for Appellants.

Heaney, Price, Postel & Parma, Clarence A. Rogers and Warner Edmonds, Jr., for Respondent.

CURTIS, J.—The respondent in this action under section 3 of rule V of this court moved for a dismissal of the appeal or an affirmance of the judgment on the grounds that the appeal was taken for delay only; that the questions on which the decision of the case depends are so unsubstantial as not to need further argument; and that the appellants have failed to comply with the rules of court. █ Upon the argument of this motion, the respondent (its brief in answer to appellant's opening brief not having been filed) was given time in which to file said brief, and an order was made placing the cause on its merits on the ready to submit calendar. This order disposes of the respondent's motion to dismiss or affirm, and its legal effect is to deny said motion and to submit the case for decision on its merits upon the briefs of the parties filed herein.

The complaint in this action contains two causes of action. By the first cause of action, the plaintiff seeks to set aside and cancel a lease of certain real property described therein on the ground that the defendants have violated the terms thereof and have thereby forfeited all their rights thereunder. The second cause of action is the ordinary action to quiet title to real property, being the same real property described in said lease. Rollo Ellis and Murl A. Ellis filed an answer to said complaint to which the court sustained a demurrer interposed by the plaintiff. These defendants then filed an amended answer, and on the same day the defendant, the Advance Petroleum, Ltd., filed its answer. Demurrers to these answers and motions to strike out portions of each of said answers were filed by the plaintiff, but before any hearing was had on these demurrers or motions, by leave of court, the defendants filed a consolidated amended answer to the complaint. Thereupon, plaintiff, after due notice to defendants, moved to strike from this amended answer certain portions thereof. This motion was granted on March 19, 1936, and notice of said ruling was given to

the defendants on March 21, 1936. On April 24th, plaintiff served notice of motion for judgment on the pleadings. Before said motion was heard and on May 11, 1936, P. Talbot Hannigan, attorney for defendants filed a complaint in intervention on his own behalf, but failed to serve said complaint on plaintiff. The record does not disclose that any action has been taken in reference to this complaint in intervention, except that the court granted leave to file the same. No further reference need be made to this pleading. On June 2, 1936, and before plaintiff's motion for judgment on the pleadings was heard, the defendants served and filed a notice for leave to file a further amended answer. These two motions, that is, plaintiff's motion for judgment on the pleadings, and defendants' motion for leave to file a further amended answer, came on for hearing and were heard together. The court denied the motion of defendants for leave to file said amended answer, and granted plaintiff's motion for judgment on the pleadings. From the judgment in favor of the plaintiff following the action of the court upon said motions, the defendants have appealed.

As noted above, plaintiff seeks in the first cause of action of its complaint to terminate and cancel a lease of certain real property, executed by it in favor of the defendant, Rollo Ellis, and by him assigned in part to the other defendants. The grounds upon which the plaintiff asked that said lease be terminated and canceled were that the defendants had violated the terms of the lease in a number of material respects and on various and divers occasions. In their several amended answers filed herein, the defendants, while not expressly admitting said acts of violation, allege that whatever acts were done or performed by them after the execution of said lease and while they were operating thereunder, were done and performed in conjunction with and by the express consent and with the active cooperation of Herbert G. Wylie, and "that at all times therein mentioned the plaintiff and one Herbert G. Wylie were, and now are, one and the same; that at all of the times in said complaint mentioned, said Herbert G. Wylie was and now is, the owner and in possession of more than a majority of the issued and outstanding shares of the capital stock of plaintiff Dos Pueblos Ranch & Improvement Company, a corporation, and the holder of, and did retain absolute control, domination, and management

of all of the shares thereof, and of said corporation''. This and other similar allegations in the amended answers filed by the appellants were struck out by the court on motion of the respondent on the ground that the same were irrelevant, immaterial and surplusage. They furnish practically the only justification of the appellants for the commission of the acts which respondent contends breached the terms of the lease. ■ The only theory under which these allegations could become material and, therefore afford a legal defense to respondent's claim that the appellants had breached the terms of the lease, is that they show that the respondent and Herbert G. Wylie were one and the same entity and that one is the *alter ego* of the other. That these allegations are woefully inadequate for that purpose is apparent when given only a casual observation. It is simply stated in these allegations that Herbert G. Wylie owns more than a majority of the capital stock of said corporation and that he controls, dominates and manages said corporation and all of its shares. This statement is not a sufficient allegation that the two entities are one and the same person. (*Erkenbrecher* v. *Grant*, 187 Cal. 7 [200 Pac. 641].) In that case this court held as follows: ''In order to cast aside the legal fiction of distinct corporate existence as distinguished from those who own its capital stock, it is not enough that it is so organized and controlled and its affairs so managed as to make it 'merely an instrumentality, conduit, or adjunct' of its stockholders, but it must further appear that they are the 'business conduits and *alter ego* of one another', and that to recognize their separate entities would aid the consummation of a wrong. Divested of the essentials which we have enumerated, the mere circumstances that all of the capital stock of a corporation is owned or controlled by one or more persons, does not, and should not, destroy its separate existence; were it otherwise, few private corporations could preserve their distinct identity, which would mean the complete destruction of the primary object of their organization.'' (See, also, *Minifie* v. *Rowley*, 187 Cal. 481, 487 [202 Pac. 673]; *Hollywood Cleaning & Pressing Co.* v. *Hollywood Laundry Service, Inc.*, 217 Cal. 124, 129 [17 Pac. (2d) 709].) ■ There was no error, therefore, in the action of the court in striking out from the several amended answers filed by the appellants,

the allegations respecting the relationship existing between the respondent and Herbert G. Wylie.

In the proposed amended answer of the appellants, they attempted to remedy this defect in their former answers by alleging upon information and belief that Herbert G. Wylie owned all of the issued capital stock of said respondent except one share issued to each of the directors for the purpose of qualifying them to legally act as directors, and that in legal effect the respondent was the *alter ego* of the said Herbert G. Wylie. The trial court denied the motion of appellants to file this amended answer. No rule is more firmly established in this state than that which holds that the amendment of pleadings is within the sound discretion of the trial court. (*Tolbard* v. *Cline*, 180 Cal. 240 [180 Pac. 610]; *College Nat. Bank* v. *Morrison*, 100 Cal. App. 403 [280 Pac. 218].) Where such discretion has been exercised by a trial court, a reviewing court will not disturb its action unless the record shows a manifest or gross abuse of discretion. (*Fetterley* v. *Gibson*, 210 Cal. 282 [291 Pac. 411]; 21 Cal. Jur. 181, 182.) There is no showing on this appeal that the trial court abused its discretion in the present instance. The appellants between them had filed two previous answers and two amended answers, in all of which they alleged simply the ownership of more than a majority of the capital stock of respondent by Herbert G. Wylic. These allegations were made upon information and belief. The trial court may well have inferred that if the appellants had any reliable information as to the ownership of the stock of respondent by Wylie, they had this information at the time of the filing of their original answers, and that if they then believed that he only .owned more than a majority of the said stock, their subsequent and belated allegation in the proposed amended answer that he owned practically all of said stock was not made in good faith and probably only for the purpose of getting into court and without any reasonable probability that the same could be supported by competent proof. If the trial court was of that view, and we think it may well have been, the record before us fails to show any abuse of discretion by it in the denial of appellants' motion to file their proposed answer in so far as said proposed amended answer applied to the first cause of action of the complaint in said action.

■ None of the answers or amended answers filed by the appellants contained any denial of the allegations of the second cause of action set out in said complaint. This cause of action as we have seen was an action to quiet title to the same real property described in the lease referred to in the first cause of action. Plaintiff was therefore entitled to a judgment on the pleadings as to that cause of action (*Leffingwell* v. *Griffing*, 31 Cal. 231), unless the court erroneously denied appellants leave to file their proposed amended answer in which they denied all the allegations of the second cause of action. It is apparent from the whole record in this case that the two causes of action in the complaint, not only concern the same property but, in effect, they, in different and separate forms, seek the same relief. In the first cause of action, respondent asks to have canceled a lease of said real property, and in the second cause of action, it asks that its title to said real property be quieted. The only claim to said real property made by any of the appellants arose out of their alleged rights under the lease. Therefore, if appellants failed in their defense to the first cause of action and the lease was ordered canceled, appellants' claim to any interest in said property was thereby terminated. On the other hand, if respondent prevailed in its action to quiet title then appellants' claims under the lease were of no validity. Therefore, when the trial court denied appellants' motion to file their proposed amended answer to the first cause of action, the respondent was entitled to judgment canceling the lease—which was in effect a judgment quieting its title to said real property. It would avail the appellants nothing after a judgment canceling their lease to thereafter litigate the quiet title action, as it had already been determined in the first cause of action that their only claim or interest in the real property—that acquired under the lease— had ceased and was of no further validity. There was, therefore, no abuse of discretion in the court's denial of appellants' motion to file their proposed amended answer in so far as said proposed answer related to the second cause of action of said complaint.

For the reasons given herein, the judgment is affirmed.

Shenk, J., Edmonds, J., Thompson, J., Langdon, J., and Seawell, J., concurred.