[Civ. No. 36029. Second Dist., Div. Four. Feb. 25, 1971.]

LOUIS JESUS JORDAN, JR., a Minor, etc., Plaintiff and Appellant, v. CANALE FOODS, INC., Defendant and Respondent.

## COUNSEL

Gruber & Cottrell, Gruber, Holmes & Kelman and Herbert A. Holmes, Jr., for Plaintiff and Appellant.

Brill, Hunt, DeBuys & Burby, William E. Burby, Jr., and Abe Mutchnik for Defendant and Respondent.

## OPINION

**FILES, P. J.**—This is a personal injury action arising out of an automobile accident which occurred January 6, 1967. Plaintiff is here appealing from a summary judgment in favor of respondent Canale Foods, Inc. (hereinafter the corporation), which was granted upon a showing that that company had nothing to do with the accident. The appeal involves none of the other parties to the action, and none of the other issues in the personal injury case.

The theory of plaintiff was and is that the truck which struck him was owned or operated by a joint venture, of which the corporation was a member.

The judgment must be affirmed because the corporation has shown by competent detailed declarations under oath that it had no relationship with the owner and operator of the truck which would cause liability to be imputed to it. No showing was made by plaintiff which would raise any issue as to a material fact. (See *Coyne* v. *Krempels* (1950) 36 Cal.2d 257 [223 P.2d 244].)

The formal organization of three entities will be stated first.

Canale Foods, Inc. is a California corporation engaged in the industrial

catering business. The stock is owned solely by its president, Luigi Canale, Jr., and his wife.

Canale Enterprises, Limited (hereinafter Enterprises) is a family partnership managed by Luigi Canale, Jr., who is one of the partners. Enterprises operates catering routes and owns a building at 2627 Durfee Avenue, El Monte.

Prior to December 1965, Luigi Canale, Jr., developed the business of providing in-plant catering service for two manufacturing companies, Spectrol Electronics and Hycon Manufacturing. As of December 1, 1965, this business was transferred to a joint venture known as Fred & Lou Caterers, composed of Luigi Canale, Jr., and his uncle, Fred Engels. There is some evidence that Canale was acting on behalf of Enterprises in this business. Fred & Lou Caterers operated the business for one month only. As of January 1, 1966, the interest of Canale was sold to Edward R. Anton and C. H. Begerow, and the name of the business was changed to Fred and A. & B. Catering. As consideration, Anton and Begerow paid to Canale $25,500 cash and transferred a truck valued at $5,875.45. The cash was deposited in the bank account of Enterprises. These new investors had no experience in the catering business, and relied on Luigi Canale, Jr., to see that it would be managed properly.

Robert Dohl, the driver of the vehicle which injured plaintiff, was an employee of Fred and A. & B. Catering and it is assumed for the purpose of this proceeding that he was on his employer's business at the time of the accident.

Engels was the manager of that business, but he looked to Luigi Canale, Jr., for business guidance. Fred and A. & B. Catering maintained its warehouse in the building on Durfee Avenue which was owned by Enterprises. No cash rent was paid, but some services were rendered in lieu of rent. A girl employed by Luigi Canale, Jr., handles the payroll for Fred and A. & B. Catering.

The motion for summary judgment is supported by declarations of Luigi Canale, Jr., and Fred Engels. The Luigi Canale, Jr., declaration states that respondent Canale Foods, Inc. has never employed Dohl and never owned or controlled the vehicle he was driving; that the corporation never participated in the business of Fred and A. & B. Catering, or assumed any control or supervision over its activities, or shared its profits or losses. The declaration states there have been only two forms of business contact between the corporation and Fred and A. & B. Catering: Both are tenants in the Durfee Avenue building owned by Enterprises, "and said corporation

has at infrequent times sold to said partnership entity, for cash, small quantities of food products manufactured by said corporation."

The declaration of Engels contains similar statements, with a detailed recital of the history of this business. Accompanying these declarations, as exhibits, are income tax returns, State Board of Equalization applications and permits, and an insurance policy setting forth the parties to the business entity exactly as described in the declarations.

In opposition to the motion the sole declaration presented is that of plaintiff's attorney, Herbert A. Holmes, Jr. It discloses that plaintiff has taken the depositions of Canale, Engels, Anton, Canale's accountant, and others. Business records of the defendants were made available to plaintiff. The Holmes declaration contains nothing to which the declarant would be a competent witness except as he quotes and incorporates testimony given in the depositions. None of this deposition testimony conflicts with the statements in the declarations of Luigi Canale, Jr., and Engels as to the lack of relationship between the corporation and the business in which Dohl was engaged at the time of the accident.

Plaintiff's brief here is directed mainly towards showing that Canale personally and Canale Enterprises had some connection with Fred and A. & B. Catering. That connection is not controlling here. The trial court denied the motion of Enterprises for a summary judgment, and it does not appear from the record on appeal whether Luigi Canale, Jr., is a party to the personal injury action.[1]

Plaintiff's argument here consists mainly of emphasizing that Luigi Canale, Jr., was personally involved in the business of Fred and A. & B. Catering. █ But it is elemental that the torts which may be imputable to him are not necessarily imputed to a corporation which he owns and controls. (See *Dashew* v. *Dashew Bus. Machines* (1963) 218 Cal.App.2d 711, 715 [32 Cal.Rptr. 682].) In the case at bench the corporation has not been connected with the accident, or with the business which employed Dohl, although plaintiff has had every opportunity to discover the facts and present the evidence if there had been any.

We do not overlook the excerpts from the deposition of Edward Anton and the argument which plaintiff bases upon that testimony. Mr. Anton testified that he dealt with Luigi Canale, Jr., when he (Anton) and Begerow purchased their interest in the catering business and they relied upon Luigi

---

[1]The record on appeal does contain a covenant not to sue Fred Engels "and all persons, associations and corporations which are or may be hereinafter associated with said FRED ENGLE [*sic*]," but reserving the right to proceed against Robert Dohl and Canale Foods, Inc.

Canale, Jr., to manage that business. Anton's testimony also includes these questions and answers:

" 'Q. And do you know him [Luigi Canale, Jr.] as president of Canale Foods, Inc.?

" 'A. Yes.

" '. . . . . . . . . . . . . . . . . . . . . .

" 'Q. Have you ever known him in any other capacity other than as president of Canale Foods?·

" 'A. No, sir.' "

These answers reflect no more than the impressions of Mr. Anton. He was not shown to be a competent witness as to the organization of the various business undertakings with which Mr. Canale was identified. Anton's testimony would not support any finding that the corporation known as Canale Foods, Inc. (as opposed to Canale personally or Canale Enterprises) was involved in the catering business which employed Robert Dohl. Anton's testimony does not create any conflict with the testimony of Canale and others that the corporation's business was wholly distinct from the business which employed Dohl.

Plaintiff points out that the critical facts are best known to the party who moved for summary judgment; and he argues that a trial upon oral testimony is the only way to test the credibility of the witnesses who support the motion. That approach does not require a reversal of the summary judgment in this particular case. Summary judgments have been reversed where the record indicated both a question of the credibility of the moving party's witnesses, and a basis for inferring from the record that the opposing party might prevail at a trial on the merits. (See, e.g., *Harding* v. *Purtle* (1969) 275 Cal.App.2d 396 [79 Cal.Rptr. 772]; *Frye* v. *Felder* (1966) 246 Cal.App.2d 136 [54 Cal.Rptr. .627]; *Dreyfuss* v. *Burton* (1966) 246 Cal.App.2d 629 [54 Cal.Rptr. 843].)

██ But in the case at bench there are no circumstances casting any shadow upon the credibility of the moving party's declarations (other than the self-interest which is almost always involved). Moreover, this is a case in which the party opposing the motion (plaintiff) has the burden of proof. Should he destroy the credibility of the moving party's witnesses at a trial, he still could not prevail without some evidence to connect the corporation with the vehicle which struck him. Here the declarations on behalf of the moving party show affirmatively that it is entitled to a judgment, and the counteraffidavits make no showing that plaintiff could prevail at a trial either by attacking credibility or by any other means. This meets the statutory

requirement for summary judgment under Code of Civil Procedure section 437c. (See *Whitney's at the Beach* v. *Superior Court* (1970) 3 Cal.App.3d 258 [83 Cal.Rptr. 237]; *Swope* v. *Moskovitz* (1967) 253 Cal.App.2d 514 [61 Cal.Rptr. 277]; *Schessler* v. *Keck* (1956) 138 Cal.App.2d 663 [292 P.2d 314]; *Maltby* v. *Shook* (1955) 131 Cal.App.2d 349 [280 P.2d 541].)

The judgment is affirmed.

Jefferson, J., and Irwin, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 13, 1971.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.