[Civ. No. 2177.   Third Appellate District.—November 19, 1920.]

## C. T. CARTER, Respondent, v. J. BRODER, Appellant.

[1] PLACE OF TRIAL—AFFIDAVIT OF MERITS—STATEMENT OF DEFENDANT'S CASE TO ATTORNEYS.—An affidavit of merits on a motion for a change of place of trial of a civil action to the county of the residence of the defendant which declares that the defendant has stated "his case" to his attorneys is not insufficient where it also contains the statement of facts which *prima facie* fully and completely answer the plaintiff's action.

[2] ID.—SUFFICIENCY OF AFFIDAVIT OF MERITS.—It is not required that an affidavit of merits to constitute a sufficient predicate for the removal of a cause on a motion for that purpose should set out in full the defense upon which the defendant will rely, nor is it important or of any materiality in the consideration of the affidavit whether the defense may or may not be sustained, but it is sufficient to show that the defendant, upon stating the facts of the case to his attorney, has been advised by the latter that he has a defense that will address itself to the merits of the controversy and not merely to matters of form and so forth.

APPEAL from an order of the Superior Court of Modoc County denying a motion to change the place of trial of a civil action. Clarence N. Raker, Judge. Reversed.

The facts are stated in the opinion of the court.

R. A. Laird, E. C. Bonner, Herbert Choynski and James Raleigh Kelly for Appellant.

Jamison & Wylie, Daly B. Robnett and Oscar Gibbons for Respondent.

HART, J.—This is an appeal from an order of the superior court of the state of California, in and for the county of Modoc, denying the motion of defendant and appellant to change the place of trial of said action from the county of Modoc to the city and county of San Francisco. The defendant and appellant at the time of the filing of his demurrer also filed his demand in writing that the trial of said action be had in the proper county and accompanied said demurrer and written demand with affidavits of merits

and a notice of motion to change the place of trial to the city and county of San Francisco as the proper county for the trial.

Defendant's motion was heard on the twelfth day of November, 1919, counsel for plaintiff and for defendant being personally present in court, and said motion was presented upon the complaint of the plaintiff and demurrer of the defendant as well as the defendant's written demand for change of place of trial and his notice of motion and accompanying affidavits. No counter-affidavits or testimony in opposition to said motion were offered. The court denied defendant's said motion. Appellant contends that he was entitled to have the action tried in the city and county of San Francisco upon making the proper written demand and filing his affidavit of merits at the time he filed his demurrer and that the court erred in denying his said motion.

The respondent contends that the affidavit of merits filed in the case at bar states that the defendant has fully and fairly stated *his case,* etc., that this is not a sufficient or proper affidavit of merits and is only equivalent to stating *his defense,* etc., to his attorney. Respondent further contends that the affidavits of one Sumski and the defendant both disclose two reasons why there is not a sufficient defense upon the merits, viz.: that both disclose the fact that there is only a *partial* defense relied upon, and also disclose the further fact that an accord without satisfaction is relied upon.

The complaint sets out that plaintiff sold certain cattle to defendant at an agreed price; that part of the cattle were taken, slaughtered, and paid for by the defendant; that thereafter the parties made a new agreement under which defendant should pay the plaintiff the freight of the cattle to Modesto, plus the difference between the agreed price and the amount which plaintiff could obtain for the balance of the cattle, if there should be a difference. Plaintiff accepted and sold the cattle, and the action is for the difference and freight. There remained the sum of $800 due under the original agreement and the cattle not taken by the defendant for his own use were sold for $500 at Modesto, leaving an unpaid balance of $300 and a freight bill for $50, for which sum ($350) the action was commenced.

The affidavits of merits were by the defendant and one I. Sumski, both residents of the city and county of San Francisco.

In his affidavit, the defendant deposed that he was "at the time of the commencement of this action, now is, and for more than three years last past has been, a resident of the City and County of San Francisco, . . . ; that all the transactions involved in the action herein occurred either in the city and county of San Francisco, or in Stanislaus County, State of California; that there has been a full and fair settlement and agreement had between the parties to this action in the city and county of San Francisco, at and by which settlement had between the parties, in the presence of one I. Sumski, it was agreed that the plaintiff in this action should present his bill for the freight mentioned in the complaint at the sum of fifty dollars to said defendant in the city and county of San Francisco, state of California, and to receive payment for said freight from said defendant in said city and county . . . and which said freight money was to be paid and taken in full of any and all differences and demands between these parties; that affiant never paid said freight bill for the reason solely he did not know where the plaintiff was to be found and plaintiff never personally either called for his money or left his address where he could be found. Affiant is not now and never has been a resident of Modoc County, California, in which this action was brought and is pending. That he has fully and fairly stated his case to R. A. Laird and E. C. Bonner, his attorneys, who reside at Alturas, California, and that he was thereupon advised and is advised by them and verily believes that he has a good and sufficient defense on the merits to this action," etc.

Sumski, in his affidavit, declared that he is and has been for the past three years acquainted with the defendant and knows that all of said time defendant was "and is now" a resident of the city of San Francisco "and not a resident of the county of Modoc"; that he "was present at the settlement (reduced to writing by me and signed by these parties) between the parties to this action mentioned in the affidavit of J. Broder, hereunto annexed, and which affidavit I have read and know that there was a full and fair settlement between these parties and by which settlement the

amount, as then undetermined in amount but for freight only, was to be paid the plaintiff in this action by defendant in San Francisco, California, and nowhere else. Particularly Alturas, California, was not mentioned in said settlement, or agreement or in any of the talk had in connection with the same."

It will not be seriously contended that, if the motion for the change of venue was made upon a legally sufficient affidavit of merits, the motion for the change should be granted, since it appears without dispute that the defendant is and was at the time of the execution of the transaction constituting the plaintiff's cause of action a resident of the city and county of San Francisco. (Code Civ. Proc., sec. 395.)

In support of his position that the affidavit of merits made and filed by the defendant is insufficient in law to have entitled the defendant to an order upon his motion transferring the cause as demanded, the respondent first emphasizes the fact that said affidavit merely states that "he has fully and fairly stated *his* case" to his attorneys, and insists that, upon the authority of *People* v. *La Rue,* 66 Cal. 235, [5 Pac. 157], and *Nickerson* v. *California Raisin Co.,* 61 Cal. 268, such a statement is equivalent only to the statement that the defendant had stated *his defense* to his attorneys, which defense might be insufficient since (following the reasoning in the case last above named) it might be a purely technical one that would not touch the merits of the controversy.

[1]    There is, however, a marked distinction between the affidavits in the case named and those in the present case. Even if it be true that no other construction can logically be given to a declaration in an affidavit of merits by which a motion for a change of the place of trial is supported that the defendant has "stated *his case* to his attorney," etc., than that it is the equivalent of saying that he has "stated *his defense,*" etc., a proposition which appears to be seriously questioned, if, indeed, not expressly repudiated in *Hughes Mfg. etc. Co.* v. *Elliott,* 167 Cal. 494, 500, [140 Pac. 17], yet the affidavits in this case contain the statement of facts which, *prima facie,* fully and completely answer the plaintiff's action herein. According to said affidavits, either of which separately or both together may be con-

sidered for the purpose of testing and determining the question whether there is a sufficient showing of a defense on the merits (*Wilson* v. *Berryman,* 5 Cal. 44, [63 Am. Dec. 78]; *Gardner* v. *Steadman,* 31 Cal. App. 447, [160 Pac. 834]), the parties to the action had a settlement between them of their differences, resulting in an understanding between them, whereby it was agreed that the defendant would pay to the plaintiff the sum of fifty dollars only, being the amount of the freightage for the shipping from San Francisco of those cattle of the number taken by the defendant to said city which he did not accept and use. Manifestly, this constituted a showing that the defendant has available to him a defense that goes directly to the merits of the action. In other words, the facts directly set forth in the affidavits, while not, as they are not required to be, stated with the technical nicety required of a pleading, and do not disclose the precise legal nature of the later agreement, are nevertheless sufficient upon their face as a defense to any claim plaintiff makes against the defendant in excess of the sum of fifty dollars. And in this connection it is appropriate to consider the point made by the respondent that where a party seeks a transfer of an action to some other county than the one in which the same is brought, he must show by his affidavit of merits that he has a complete defense on the merits to the cause of action set up in the complaint, and that the affidavits of merits in this case fail to show such a defense—that they, on the contrary, disclose, if anything at all, only a partial defense. Counsel for plaintiff have not made it clear in their brief what they mean by this contention; but if it is their position that there is only a partial defense because the defendant in effect admits an indebtedness to the plaintiff in the sum of fifty dollars (only) on account of the transaction of which this controversy is the outgrowth, we are constrained to reply that there is no legal force to the point. The only issue between the parties is as to the alleged indebtedness of defendant to plaintiff in a sum in excess of that of fifty dollars, the defense which defendant shows by his affidavit that he is prepared to set up against any claim of plaintiff against him in excess of the sum of fifty dollars being, as to said amount, in the nature of a plea by way of confession and avoidance, and is, therefore, a defense which goes to the

merits of the only question in the case upon which he and
the plaintiff disagree, and, as stated, it would be a full and
complete defense to the extent of the only issue between
them. There can be no less reason why the defendant
should not be entitled to have that issue tried in the county
of his residence than there would or could be if his defense
were to involve a denial of any and all indebtedness what-
ever.

But it is insisted by the respondent that the affidavit of
merits by the defendant itself discloses that the settlement
which it is therein stated was had between him and plaintiff
involved an agreement in the nature of an accord and
satisfaction (Civ. Code, sec. 1521), but that, the defendant
having failed to execute it, the original agreement was not
extinguished but retained its integrity as an obligation to
which the defendant thus virtually admits that he is still
bound. (Civ. Code, sec. 1522.) The defendant negatives
this position by declaring that the new or later agreement
constituted a novation. The reply to this controversy is
that it cannot be determined from the affidavits what the
exact nature, technically, the so-called new or later agree-
ment was. In other words, it cannot thus be determined
whether said agreement or settlement involved an unexe-
cuted accord and satisfaction or a novation or an account
stated. The affidavit of the defendant declares, as has
been shown, that "there has been a full and fair settle-
ment and agreement had between the parties to this action
. . . by which it was agreed that the plaintiff . . . should
present his bill for the freight mentioned in the complaint
at the sum of fifty dollars to said defendant . . . and to re-
ceive payment for said freight from said defendant . . .
which said freight money was to be paid and taken in full
of any differences and demands between these parties."
Whether, in effecting the "full and fair settlement and agree-
ment" between the parties, the defendant paid to the plain-
tiff all that he has sued for except the fifty dollars for
freight, or the plaintiff, without such payment, agreed to
accept the said sum of fifty dollars in full satisfaction of all
claims he then claimed to have against the defendant, the
affidavits do not show.

But, even assuming that the later transaction was to
effect an accord and satisfaction as that proceeding is de-

fined by the code, still the defendant would have the right to show, if he could, or at least set it up as a defense, that the nonexecution of the accord was due entirely to the fault or omission of a duty imposed by the agreement upon the plaintiff and not due to any default of the defendant under the terms of the convention. Indeed, upon the assumption just suggested there is some semblance of ground for this theory disclosed by the defendant's affidavit, wherein it is declared that the plaintiff should present his bill for the freight "in the city and county of San Francisco," and, further, that "affiant never paid said freight bill for the reason solely he did not know where the plaintiff was to be found and plaintiff never personally either called for his money or left his address where he could be found."

The point that the statement in the affidavit that "a full and fair settlement and agreement" between the parties was had is a legal conclusion and, therefore, insufficient as a predicate for the conclusion of fact that such a settlement had been made is, as in impeachment of the sufficiency of the affidavit of merits, without merit. It may be true that the statement, taken alone, is a conclusion of law, but it is, as we have shown, buttressed by other declarations of fact in the affidavits which do not involve legal conclusions or conclusions of the affiant. The statement in the affidavit of merits on motion for a change of venue that the defendant "has fully and fairly stated the facts of the case to his attorney," etc., really does not rise to a higher dignity than that of the statement of the conclusion of the affiant, but affidavits of merits containing such a statement and very little in addition thereto have often been approved as sufficient.

[2] It must be borne in mind that it is not required that an affidavit of merits, to constitute a sufficient predicate for the removal of a cause on a motion for that purpose, should set out in full the defense upon which the defendant will rely. Nor is it important or of any materiality in the consideration of the affidavit whether the defense may or may not be sustained. It is only sufficient to show that the defendant, upon stating the facts of the case to his attorney, has been advised by the latter that he has a defense that will address itself to the merits of the controversy and not merely

to matters of form, etc., and this we think it clear the defendant in this case has done.

The order denying the motion for a change of venue is reversed.

Prewett, P. J., *pro tem.*, and Burnett, J., concurred.