[Civ. No. 6868.   Second Appellate District, Division Two.—May 3, 1930.]

CALIFORNIA LINOLEUM AND SHADES SUPPLIES, INCORPORATED (a Corporation), Appellant, v. GUS SCHULTZ, Respondent.

Lorrin Andrews for Appellant.

James M. Gammon for Respondent.

NORTON, J., *pro tem.*—This is an appeal from a judgment entered in favor of defendant after an order sustaining a demurrer to plaintiff's complaint without leave to amend. The demurrer was upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The complaint discloses that the gist of plaintiff's cause of action arises out of a state of facts which, succinctly stated, is as follows: That plaintiff and appellant is a corporation engaged in the business of manufacturing window shades, awnings and linoleums in Los Angeles County; that the California Window Shade Company was a corporation located in the same county and engaged prior to the sale thereof to plaintiff in a similar business as that of plaintiff; that prior to the incorporation of the California Window Shade Company the business in which it was engaged was conducted by

the defendant and two other individuals as a copartnership; that the California Window Shade Company sold its business and the goodwill thereof to the plaintiff and appellant and agreed in the contract of sale that it would not engage in the same business in the county of Los Angeles as long as defendant was engaged in said business.

The plaintiff further alleged in his complaint that the partnership referred to herein incorporated the California Window Shade Company and transferred their business to it merely for the purpose of more conveniently handling it and "that while it was in form a corporation, yet in truth and in fact it was a copartnership." The issued capital stock was issued to the three copartners in equal shares and they constituted the board of directors of the corporation.

The complaint seems to proceed upon the theory that the copartnership continued to exist after the formation of the corporation and that the sale of the goodwill and the business formerly conducted by the partnership by the California Window Shade Company was in fact a sale of the partnership interest. However, there are no facts alleged supporting such an inference. From the facts alleged it appears that after the corporation was formed, the copartnership was absorbed by it and its business carried on and conducted by it; that its stock was issued and officers elected, the defendant being the president and Van Stigt, one of the copartners, secretary thereof; that the contract of sale of the business and goodwill purchased by plaintiff was executed by it and that plaintiff dealt with it as a corporation.

The defendant was not a party to the contract of the selling corporation with the plaintiff. He signed the contract of sale in his representative capacity only as president of the California Window Shade Company, and that contract did not, by its terms or otherwise, purport to bind defendant not to engage in business again in competition with plaintiff nor to bind any person except the selling corporation.

It is well settled in this state that a stockholder has no vendible interest in the goodwill of the business of the corporation and cannot transfer such goodwill, and if he attempts to enter into such an agreement it is void as being not within the statutory exception, and, therefore, in restraint of trade. (*Merchants' Ad-Sign Co.* v. *Sterling,* 124

Cal. 429 [71 Am. St. Rep. 94, 46 L. R. A. 142, 57 Pac. 468].) ■ However, appellant seeks to avoid this established rule and alleges that the corporation form was in this case a mere convenience through which the stockholders thereof conducted a copartnership business, asserting that equity will, in such case, where necessary to circumvent fraud, protect the rights of third persons, disregard the corporate entity, and deal with it as identical with its stockholders. In a proper case a court of equity will, as maintained by appellant, sweep aside the corporate fiction in order to forestall fraud and accomplish justice, but the facts pleaded by appellant in his complaint present no such case and would not justify such a view, and the facts pleaded show that there exists no basis for the assumption that the copartnership relation was continued after the formation of the selling corporation and that appellant dealt with the vendor as a copartnership, and, as stated before, the contract was with the corporation only and purported to bind it alone. ■ The defendant signed it in his capacity as president of the corporation and it did not bind him personally. (*Lynch* v. *McDonald,* 155 Cal. 704 [102 Pac. 918].)

■ Contracts in restraint of trade are not favored in law beyond the extent to which they are authorized by statute and then the scope is not to be extended by a construction which imports into them a meaning which cannot be found in the language of the contract. (*Joerger* v. *Los Angeles Gas & Elec. Corp.,* 207 Cal. 8 [276 Pac. 1017]; *Payne* v. *Commercial Nat. Bank,* 177 Cal. 68 [L. R. A. 1918C, 328, 169 Pac. 1007].)

■ In this case the court cannot read into the contract an agreement that defendant should not engage in a similar business to that which the selling corporation sold to plaintiff, for there is no language in the contract permitting such a construction and it does not appear from the contract that it was so contemplated. The legitimate aim and object of the contract as disclosed by its language has not been defeated or violated by the defendant engaging in a similar business as plaintiff and the court will not disregard the corporate entity as suggested by plaintiff to accomplish a purpose which the agreement does not show to have been within the intention of the parties. ■ It appears from

the facts pleaded that the complaint cannot be amended to state a cause of action.

The judgment is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.