[Civ. No. 14501.  First Dist., Div. Two.  Sept. 19, 1950.]

GEORGE DONALD MEADOWS, Respondent, v. EMETT & CHANDLER (a Copartnership) et al., Appellants.

Cosgrove, Cramer, Diether & Rindge and Brobeck, Phleger & Harrison for Appellants.

William E. Ferriter and James C. Purcell for Respondent.

NOURSE, P. J.—The appeal involves the question of venue. Plaintiff sued in the city and county of San Francisco for an alleged breach of contract to pay money.  Defendants are all residents of the county of Los Angeles.  They moved to change the place of trial to Los Angeles under sections 396b and 397, subdivision 1, of the Code of Civil Procedure.  The defendants filed affidavits and amended affidavits in support of their

motion. No counteraffidavits were filed. The appeal is taken from the order denying the motion to change the venue.

The complaint alleges that in 1939 plaintiff entered into a contract in San Francisco with a corporation located in Los Angeles for the payment of commissions on insurance procured by plaintiff for the corporation; that in 1943 the corporation dissolved and assigned. all its assets to the defendant partnership; that on that date said ''copartnership assumed all of the debts of the said corporation.''

On this appeal plaintiff argues that the affidavits of defendants were insufficient to support the motion. They show that in 1946 plaintiff commenced a similar suit on the contract of 1939 against the partnership, and later a similar action against the corporation and against the present defendants individually. The two actions were tried together and defendants had judgment of nonsuit. On appeal the judgment was affirmed (86 Cal.App.2d 1 [193 P.2d 785]), the appellate court holding that plaintiff's proof failed to show any right of recovery and that the alleged contract was not shown to have existed as a matter of fact. The defendants contend that their liability under the alleged contract of 1939 was finally determined in the prior judgment and that the present proceedings must be, and can only be, one on the contract of 1943 whereby they assumed all the obligations of the dissolved corporation. The respondent contends that he is suing solely on the alleged contract of 1939 and argues that he may be deemed to rely on the *alter ego* theory to hold the individual defendants liable for the corporation's contract.

The appellants rely on the allegations of the complaint setting forth a new contract of assumption of the corporate debts which was made in Los Angeles County when the corporation was dissolved. They point out that the motion must be heard and decided on the plaintiff's complaint without amendment. They point out that the complaint alleges that the contract sued on was made with the corporation which is not a party defendant. If respondent may contend that he is now suing on the *alter ego* theory the essential facts supporting that theory must be pleaded and it is of no avail to respondent on this appeal that the complaint might be amended to plead a good cause of action.

Assuming that the action on the corporate debt was commenced against the individual defendants in good faith the trial court was limited, on the motion for change of venue, to the cause pleaded in the complaint and it must appear

clearly from the complaint alone that plaintiff is entitled to have the cause tried in a county other than that in which the defendant resides. In determining this question all uncertainties will be resolved against the complaint and the allegations will be strictly construed against the pleader. (*Neet* v. *Holmes*, 19 Cal.2d 605, 613 [122 P.2d 557]; *Sheeley* v. *Jones*, 192 Cal. 256 [219 P. 744]; *Rench* v. *Harris*, 76 Cal.App.2d 113, 117 [172 P.2d 576].) "[M]ere conclusions or indefinite statements of a pleader will not suffice to create a *prima facie* case entitling one to maintain an action at a county other than that of the residence of the defendant." (*Gas App. S. Co.* v. *W. B. Bastian Mfg. Co.*, 87 Cal.App. 301, 309 [262 P. 452]; 25 Cal.Jur. p. 910.)

There are just two theories on which plaintiff may maintain the action—first, that when the corporation was dissolved and the defendants assumed all its obligations a new contract of assumption arose binding the individual defendants to pay plaintiff's claim against the corporation; second, that at the time of the alleged contract of 1939 with the corporation the two defendants were acting as the *alter ego* of the corporation as that term has been defined in the authorities herein cited.

Respondent vigorously denies that he is suing on the first theory and this is understandable since to admit it would compel a change of the place of trial to Los Angeles where both defendants reside and where the contract of assumption was made.

He insists that he is suing on the second theory alone and we will examine the complaint for the purpose of determining whether that theory can be maintained. The only allegations which might form the basis of the *alter ego* theory are: "That the defendants, E. L. Emett and Norman Chandler, were on the said 9th day of February, 1939, and at all times thereafter until the dissolution of said corporation as aforesaid, the owners of all capital stock of said corporation, and that the said corporation was merely a medium through which said defendants, E. L. Emett and Norman Chandler, transacted business as copartners."

These allegations fall far short of what is required before a defendant can be denied his statutory rights as to the place of trial. The rule is stated in *Norins Realty Co.* v. *Consolidated A. & T. G. Co.*, 80 Cal.App.2d 879, 883 [182 P.2d 593], where the court said: "The allegation that a corporation is the *alter ego* of the individual stockholders is insufficient to justify the court in disregarding the corporate entity in the

absence of allegations of facts from which it appears that justice cannot otherwise be accomplished. (*California L. & S. Supplies* v. *Schultz*, 105 Cal.App. 471 [287 P. 980].) The court will not disregard the corporate entity unless it is necessary in order to prevent fraud or injustice (6A Cal.Jur. p. 76). Mere ownership of all the stock and control and management of a corporation by one or two individuals is not of itself sufficient to cause the courts to disregard the corporate entity. (*Hollywood Cleaning & P. Co.* v. *Hollywood L. Service*, 217 Cal. 124, 129 [17 P.2d 709]; *Erkenbrecher* v. *Grant*, 187 Cal. 7 [200 P. 641].)''

The same rule is followed in *Dos Pueblos Ranch & Imp. Co.* v. *Ellis*, 8 Cal.2d 617, 621 [67 P.2d 340], citing with approval *Erkenbrecher* v. *Grant*, 187 Cal. 7 [200 P. 641], where the further observation was made that in order to rely on this theory it must be alleged and proved that the stockholders and the corporate entity '' 'are the ''business conduits and alter ego of one another,'' and that to recognize their separate entities would aid the consummation of a wrong.' ''

The rule is firmly settled that no reliance can be had on this theory in the absence of *pleading* that recognition of the corporate entity would sanction a fraud or promote injustice. (*Hollywood Cleaning & P. Co.* v. *Hollywood L. Service*, 217 Cal. 124, 129 [17 P.2d 709]; *Erkenbrecher* v. *Grant, supra*, p. 11; *Continental Securities etc. Co.* v. *Rawson*, 208 Cal. 228, 238 [280 P. 954]; *Wiseman* v. *Sierra Highland Min. Co.*, 17 Cal.2d 690, 697 [111 P.2d 646].) If a plaintiff must plead those factors in order to state a cause of action against individual defendants it is obvious that he must plead them in order to take from such defendants their statutory right of trial in the county of their residence.

The judgment is reversed with directions to grant the motion.

Goodell, J., concurred.

DOOLING, J.—I concur. The main opinion does not in express terms meet the respondent's argument that there was no sufficient affidavit of merits. An affidavit of merits was originally filed which omitted the classic phrase ''that he has stated all of the facts of the case'' to his counsel (25 Cal.Jur. 901-902) and substituted therefor the statement: ''Said counsel is more familiar with the facts of this case than is affiant.'' An amendment to this affidavit was filed in which it is expressly stated '' (t)hat prior to the execution of said affidavit

(the original affidavit of merits) . . . I had fully and fairly stated the case and all the facts thereof of the above entitled action'' to counsel. Taking the affidavit as amended it is certainly sufficient. Counsel for respondent argues ''It is clear . . . that if counsel is more familiar with the facts than the client, the latter does not know all of the facts and could not possibly state all of the facts to counsel.'' The argument is hypertechnical. No litigant can state more than he knows and the classic recital of the statement of ''all of the facts of the case'' to counsel is necessarily subject to that implied qualification. Here we have also the additional fact recited that on the former appeal in an action grounded on the same basic claim a judgment of nonsuit was affirmed, ''(a)nd when the facts of the case are averred, the question of whether or not the defendant has a meritorious defense may be left for the consideration of the court.'' (25 Cal.Jur. 901; *Westover* v. *Bridgford,* 25 Cal.App. 548 [144 P. 313]; *Carter* v. *Broder,* 50 Cal.App. 63 [194 P. 527].)

A petition for a rehearing was denied October 19, 1950, and respondent's petition for a hearing by the Supreme Court was denied November 16, 1950. Carter, J., voted for a hearing.