[No. D022788. Fourth Dist., Div. One. Apr. 7, 1995.]

STEVEN LEBASTCHI, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
POWAY WAL-MART PLAZA, Real Party in Interest.

COUNSEL

Hodgson & Straight and Timothy E. Hodgson for Petitioner.

No appearance for Respondent.

Branton, Wilson & Muns and Michael N. Taylor for Real Party in Interest.

OPINION

**HUFFMAN, Acting P. J.**—In this mandamus proceeding, we decide a venue question where an individual is joined as a defendant on an alter ego theory in a breach of contract action against a corporation. May the individual defendant transfer the action to the county of his or her residence when the action has been properly laid in a different county as to the corporate defendant? We decide for the purposes of venue, the alter ego allegation places the individual in the same position as the corporation, as a party to the contract. Venue is then proper where the action could be laid for breach of contract against an individual or corporate defendant. We conclude the court here correctly denied the motion to transfer, leaving the breach of contract action against the individual and corporate defendants in San Diego County where the contract was allegedly executed, to be performed and breached. Accordingly, we deny the petition and vacate the stay.

### FACTUAL AND PROCEDURAL BACKGROUND

Poway Wal-Mart Plaza (Poway) filed an action for breach of a commercial real property lease against Chubby's, Inc. (Chubby's) and Steven Lebastchi (Lebastchi) in San Diego County on October 21, 1994. The complaint alleged Chubby's is a California corporation and Lebastchi is Chubby's alter

ego.[1] Lebastchi's place of residence was alleged to be in Fair Oaks, Sacramento County. Poway attached a copy of the lease to the complaint, which showed Lebastchi executed the lease for Chubby's in his capacity as president.

Lebastchi moved to transfer the action to Placer County under Code of Civil Procedure[2] section 396b[3] on the grounds venue was improper in San Diego County because it is not a county of a defendant's residence as required in section 395, subdivision (a).[4] In support of the motion, Lebastchi's attorney declared Chubby's principal place of business was Sacramento County and Lebastchi's residence was Placer County. Lebastchi claimed because the action named both a corporation and an individual as

[1]Poway alleged "that at all times herein mentioned, Steven Lebastchi is and was the alter ego of defendant Chubby's Inc. and that at all times herein mentioned there existed such a unity of interest in ownership between Chubby's Inc. and Steven Lebastchi that any separateness has ceased to exist between them for the following reasons:

"(a) Steven Lebastchi has used the assets of Chubby's, Inc. for his own benefit and has caused assets of the corporation to be transferred to himself without adequate consideration;

"(b) Steven Lebastchi has exercised complete dominance and control over Chubby's, Inc. such that Chubby's, Inc. is a mere shell and instrumentality for the conduct of a franchise business by Steven Lebastchi;

"(c) Steven Lebastchi has carried on activities and business of defendant Chubby's, Inc. without holding directors and shareholders' meetings and entered into personal transactions with defendant Chubby's, Inc. without the approval of the other directors or shareholders; and

"(d) Steven Lebastchi inadequately capitalized Chubby's, Inc. in relation to the business to be done by Chubby's, Inc. and the risks of loss attendant thereon.

"Adherence to the fiction of a separate existence of Lebastchi and Chubby's, Inc. would sanction fraud and permit an abuse of the corporate privilege."

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

[3]Section 396b, subdivision (a) provides: "Except as otherwise provided in Section 396a, if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files with the clerk, a notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of those papers. Upon the hearing of the motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court."

[4]Section 395, subdivision (a) provides in relevant part: "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action. . . . [W]hen a defendant has contracted to perform an obligation in a particular county, either the county where the obligation is to be performed or in which the contract in fact was entered into or the county in which the defendant or any such defendant resides at the commencement of the action shall be a proper county for the trial of an action founded on that obligation, and the county in which the obligation is incurred shall be deemed to be the county in which it is to be performed unless there is a special contract in writing to the contrary."

defendants, it was a "mixed venue" action with conflicting venue provisions and he was entitled to move the action to the county of his residence.

Poway opposed the change of venue, arguing the action was properly in San Diego County under section 395.5[5] because the lease was entered into, performed and breached by the corporation in San Diego, supported by the declaration of Poway's general manager. Poway argued as Chubby's alter ego, Lebastchi should be subject to the same venue provision as the corporation for breach of contract.

The court denied the motion for change of venue on December 16, 1994, on the basis the acts giving rise to the complaint occurred in San Diego where the commercial property was located. The court noted the lease was entered into and was to be performed in San Diego. Lebastchi petitioned for mandamus.[6] We issued a stay and calendared argument.

## DISCUSSION

Venue, the county in which an action takes place, is statutorily governed by the type or form of the particular action. (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 554, p. 580.) ■ "Venue is determined based on the complaint on file at the time the motion to change venue is made. [Citations.]" (*Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 482 [208 Cal.Rptr. 724, 691 P.2d 272].)

■ A defendant may challenge the venue by affidavits dealing with the type or nature of the action, and the plaintiff may bolster his or her choice of venue with counteraffidavits consistent with the complaint's theory of the type of action but amplifying the allegations relied upon for venue. (See 3 Witkin, Cal. Procedure, *supra*, Actions, § 556, pp. 582-583.) Because the law favors the right of trial at the defendant's residence, a plaintiff who lays venue elsewhere must be able to show the action is either local or is a transitory action triable outside the county of the defendant's residence. (*Id.* at § 557, p. 583; see *Ah Fong* v. *Stearnes* (1889) 79 Cal. 30, 33 [21 P. 381].)

Actions on contract are generally transitory and are triable at the defendant's residence, the place of contracting, or the place of performance. (§ 395, subd. (a).) An action against a corporation for breach of contract is triable

---

[5]Section 395.5 provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

[6]Review of an order granting or denying a motion to change the place of trial is by writ of mandate, as authorized by section 400.

"in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated . . . ." (§ 395.5.)

█ Here, Poway's complaint against Chubby's and Lebastchi contains only one cause of action, for breach of lease. Poway seeks one form of relief, money damages for unpaid rent, expenses, interest, and attorney fees and costs under the terms of the lease. As such, the action is transitory and is subject to the specific venue provisions for breach of contract.

Lebastchi is incorrect this action is a "mixed action" which would allow him to transfer it to the county of his residence. A mixed action is one in which the complaint contains two or more causes of action, each of which might have been separately filed, and one of which is local and another transitory. (3 Witkin, Cal. Procedure, *supra*, Actions, § 637, pp. 656-657.) Here Poway joined two defendants, one natural and one corporate, with different residences in a single transitory action. Poway seeks to hold Chubby's and/or Lebastchi liable for the same breach and damages; Chubby's as the contracting corporation and Lebastchi as Chubby's alter ego.

█ The alter ego doctrine arises when a plaintiff claims the opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests. (*Mesler* v. *Bragg Management Co.* (1985) 39 Cal.3d 290, 300 [216 Cal.Rptr. 443, 702 P.2d 601].) "[T]he issue is not whether the corporate entity should be disregarded for all purposes, nor whether its very purpose was to defraud the plaintiff. Rather, the issue is 'whether in the particular case presented and for the purpose of such case justice and equity can best be accomplished and fraud and unfairness defeated by a disregard of the distinct entity of the corporate form.' " (9 Witkin, Summary of Cal. Law (9th ed. 1989) Corporations, § 12, pp. 524-525, citing *Kohn* v. *Kohn* (1950) 95 Cal.App.2d 708, 718 [214 P.2d 71], italics omitted.)

█ Here, Poway alleged any separateness between Chubby's and Lebastchi ceased to exist because Lebastchi exercised complete control of the corporation, he failed to observe corporate formalities, inadequately capitalized the corporation and used corporate assets for personal benefit, to constitute an abuse of the corporate privilege. The effect of the alter ego allegations placed Lebastchi in the same position as Chubby's, responsible under the contract. Lebastchi did not declare otherwise or claim improper joinder. We conclude the expanded venue provisions for breach of contract

under sections 395.5 and 395, subdivision (a), were properly applied to Lebastchi.[7]

## DISPOSITION

Petition denied. The stay will vacate upon issuance of the remittitur.

Froehlich, J., and Nares, J., concurred.

Petitioner's application for review by the Supreme Court was denied June 29, 1995.

---

[7]Poway and Lebastchi rely on *Meadows* v. *Emett & Chandler* (1950) 99 Cal.App.2d 496 [222 P.2d 145] for their divergent positions on venue in the context of alter ego. In *Meadows*, plaintiff sued in San Francisco for breach of contract to pay money. Defendants were residents of Los Angeles and moved to transfer the action there. The complaint alleged plaintiff entered into a contract in San Francisco with a Los Angeles corporation, the corporation dissolved and assigned all its assets and liabilities to the defendant partnership. In resisting the change of venue, plaintiff argued he was suing on the alter ego theory to hold the individual defendants liable for the corporation's contract. On appeal, the court concluded the plaintiff had not included sufficient facts in the complaint to rely on the alter ego theory, commenting "[plaintiff] must plead them in order to take from such defendants their statutory right of trial in the county of their residence." (*Id.* at p. 499.) Although *Meadows* anticipated the scenario before us, it did not reach the issue whether a properly pleaded alter ego allegation would necessarily defeat an individual's right of trial in the county of his or her residence. As such, *Meadows* is not instructive.