[No. H033811. Sixth Dist. June 10, 2009.]

PAUL FONTAINE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
CASHCALL, INC., et al., Real Parties in Interest.

## Counsel

Consumer Law Center, Frederick William Schwinn, Raeon R. Roulston; and Ronald Wilcox for Petitioner.

No appearance for Respondent.

Finlayson, Augustini & Williams and Michael Raymond Williams for Real Parties in Interest.

## Opinion

**BAMATTRE-MANOUKIAN, Acting P. J.—**

### I. INTRODUCTION

Petitioner Paul Fontaine obtained a loan for personal, family or household use from real party in interest CashCall, Inc. (hereafter CashCall). After CashCall attempted to collect the debt, Fontaine filed a complaint in Santa Clara County Superior Court alleging that the collection methods used by CashCall and four of its employees violated the Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq.). CashCall responded by bringing a motion to transfer the action to Orange County Superior Court on the ground that individual defendant Richard Vargas, a resident of Orange

County, had requested that the case be tried there. The trial court granted the motion and ordered the action transferred to Orange County Superior Court.

Fontaine seeks extraordinary relief from the trial court's order, arguing that venue is proper in Santa Clara County pursuant to Code of Civil Procedure section 395, subdivision (b)[1] because he resides in Santa Clara County and the action arises from a consumer loan. For the reasons stated below, we agree and therefore we will issue a peremptory writ in the first instance vacating the trial court's order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint filed on May 30, 2008, Fontaine alleges that defendant CashCall and its employees, individual defendants Richard Vargas, James Ryan, Ronald Bey, and Rachel Behn, "engaged in abusive and intrusive conduct in an attempt to collect a debt." Fontaine became indebted when he "incurred a financial obligation" to CashCall that was "primarily incurred for personal, family or household purposes . . . ." He asserts that CashCall repeatedly and continuously made telephone calls and sent collection letters that were intended to annoy, abuse and harass him. Based on these and other allegations, the complaint includes causes of action for violation of the Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq.), invasion of privacy, "Tort-in-se," negligent infliction of emotional distress, negligence, and violation of the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227(b)(1)(A)).

Defendants CashCall, Vargas, and Bey subsequently brought a motion to transfer the action to Orange County Superior Court. They argued that venue was proper in Orange County because the general venue rule set forth in section 395, subdivision (a)[2] provides that a defendant is entitled to have an action tried in the county of his or her residence; Vargas was a resident of Orange County and requested that the action be transferred there; and there was no applicable exception to the general venue rule.

Fontaine opposed the motion on the ground that venue was proper in Santa Clara County under two exceptions to the general venue rule. First, Fontaine

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] Section 395, subdivision (a) provides in part, "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action. If the action is for injury to person or personal property or for death from wrongful act or negligence, the superior court in either the county where the injury occurs or the injury causing death occurs or the county where the defendants, or some of them reside at the commencement of the action, is a proper court for the trial of the action."

claimed that he had suffered physical and emotional injury in Santa Clara County due to defendants' unlawful debt collection activities, and therefore the action could be tried in Santa Clara County pursuant to section 395, subdivision (a). Second, Fontaine asserted that venue was proper in Santa Clara County under section 395, subdivision (b)[3] because the action arose from a loan that he had obtained primarily for personal, family or household purposes and he was a resident of Santa Clara County at the time the action was filed. Fontaine filed a declaration in support of his opposition, in which he also stated that he was financially unable to travel to the location of the Orange County Superior Court.

At the hearing on the motion to transfer, held on November 25, 2008, the trial court granted the motion. The court rejected both of Fontaine's venue arguments, determining that the action was not a physical injury action for purposes of venue and that section 395, subdivision (b) did not apply because Fontaine's action was not a collection action. The trial court's order transferring the action to Orange County Superior Court, upon plaintiff's payment of court costs, was entered on December 15, 2008. Defendants served a notice of entry of order on January 7, 2009.

Fontaine filed a petition for writ of mandamus in this court on January 28, 2009, in which he sought extraordinary relief from the trial court's order. On March 17, 2009, we issued a *Palma* notice (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893]), advising the parties that this court was considering issuing a peremptory writ of mandate in the first instance, requesting points and authorities in opposition to the petition, and allowing petitioner to reply. Having received opposition to the petition for writ of mandamus and petitioner's reply, we turn to the merits of the writ petition.

## III. DISCUSSION

Fontaine argues that the trial court erroneously ruled that section 395, subdivision (b) does not apply to an action in which a consumer sues a debt

---

[3] Section 395, subdivision (b) provides in part, "Subject to the power of the court to transfer actions or proceedings as provided in this title, in an action arising from an offer or provision of goods, services, loans or extensions of credit intended primarily for personal, family or household use, other than an obligation described in Section 1812.10 or Section 2984.4 of the Civil Code, or an action arising from a transaction consummated as a proximate result of either an unsolicited telephone call made by a seller engaged in the business of consummating transactions of that kind or a telephone call or electronic transmission made by the buyer or lessee in response to a solicitation by the seller, the superior court in the county where the buyer or lessee in fact signed the contract, where the buyer or lessee resided at the time the contract was entered into, or where the buyer or lessee resides at the commencement of the action is the proper court for the trial of the action."

collector. He explains that section 395, subdivision (b) expressly provides that where, as here, the action arises from the extension of credit for personal, family, or household use, venue is proper where the borrower resided at the time the action was commenced.

Real parties in interest (hereafter defendants) maintain that Fontaine's interpretation of section 395, subdivision (b) is wrong. They believe that section 395, subdivision (b) does not apply to this action because it is not a collection action against Fontaine. In their words, "it is clear that section 395(b) is a shield for consumer defendants who have been sued in certain collection actions; it is not a sword for consumer plaintiffs who seek to assert claims for alleged unfair debt collection activities against individual defendants in distant forums." Alternatively, defendants assert that the venue exception provided by section 395, subdivision (b) does not apply here because Fontaine's action does not arise from the provision of a consumer loan by individual defendant Vargas.

We will begin our analysis with an overview of the procedure for a motion to transfer an action.

### A. *Motion to Transfer an Action*

■ The court may, on timely motion, order transfer of an action "[w]hen the court designated in the complaint is not the proper court." (§ 397, subd. (a); see § 396a, subd. (b).) The moving party must overcome the presumption that the plaintiff has selected the proper venue. (*Mitchell v. Superior Court* (1986) 186 Cal.App.3d 1040, 1046 [231 Cal.Rptr. 176].) Thus, "[i]t is the moving defendant's burden to demonstrate that the plaintiff's venue selection is not proper under any of the statutory grounds." (*Ibid.*) In opposing the motion to change venue, "[t]he plaintiff may bolster his or her choice of venue with counteraffidavits consistent with the complaint's theory of the type of action but amplifying the allegations relied upon for venue." (*Lebastchi v. Superior Court* (1995) 33 Cal.App.4th 1465, 1469 [39 Cal.Rptr.2d 787].)

■ Pursuant to section 400, a party aggrieved by an order granting or denying a motion to change venue may petition for a writ of mandate requiring trial of the case in the proper court. (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 927, fn. 4 [184 Cal.Rptr. 296, 647 P.2d 1075].) The standard of review for an order granting or denying a motion for a change of venue is abuse of discretion. (*State Bd. of Equalization v. Superior Court* (2006) 138 Cal.App.4th 951, 954 [42 Cal.Rptr.3d 116].)

### B. *The Section 395, Subdivision (b) Venue Exception*

 Pursuant to section 395, subdivision (a), the general venue rule is that "the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action." (See *Brown v. Superior* Court (1984) 37 Cal.3d 477, 483 [208 Cal.Rptr. 724, 691 P.2d 272].) Additionally, "when a plaintiff brings an action against several defendants, both individual and corporate, in a county in which none of the defendants reside, an individual defendant has the right to change venue to the county of his or her residence." (*Id.* at pp. 482–483, fn. 6.) For venue to be proper in a county other than the county in which a defendant resides, the action must fall within a statutory exception. (*California State Parks Foundation v. Superior Court* (2007) 150 Cal.App.4th 826, 833 [58 Cal.Rptr.3d 715].)

Fontaine does not dispute defendants' assertions that none of them resides in Santa Clara County and that individual defendant Vargas resides in Orange County. However, he argues in his writ petition that a statutory venue exception authorizes trial of this action in Santa Clara County Superior Court: the section 395, subdivision (b) provision for venue in actions arising from certain consumer obligations.

 Section 395, subdivision (b) provides in pertinent part that "in an action arising from an offer or provision of goods, services, loans or extensions of credit intended primarily for personal, family or household use, other than an obligation described in Section 1812.10[4] or Section 2984.4[5] of the Civil Code . . . the superior court in the county where the buyer or lessee in fact signed the contract, where the buyer or lessee resided at the time the contract was entered into, or where the buyer or lessee resides at the commencement of the action is the proper court for the trial of the action."

 To determine the proper application of the statutory venue exception provided by section 395, subdivision (b), we apply the following well-established principles of statutory interpretation. "In statutory construction

---

[4] Civil Code section 1812.10, subdivision (a) provides, "An action on a contract or installment account under this chapter shall be tried in the superior court in the county where the contract was in fact signed by the buyer, where the buyer resided at the time the contract was entered into, where the buyer resides at the commencement of the action, or where the goods purchased pursuant to the contract have been so affixed to real property as to become a part of that real property."

[5] Civil Code section 2984.4, subdivision (a) provides, "An action on a contract or purchase order under this chapter shall be tried in the superior court in the county where the contract or purchase order was in fact signed by the buyer, where the buyer resided at the time the contract or purchase order was entered into, where the buyer resides at the commencement of the action, or where the motor vehicle purchased pursuant to the contract or purchase order is permanently garaged."

cases, our fundamental task is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.]" (*Estate of Griswold* (2001) 25 Cal.4th 904, 910 [108 Cal.Rptr.2d 165, 24 P.3d 1191].) " 'We begin by examining the statutory language, giving the words their usual and ordinary meaning.' [Citations.]" (*Id.* at p. 911.) "If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs. [Citations.]" (*Ibid.*) "If there is ambiguity, however, we may then look to extrinsic sources, including the ostensible objects to be achieved and the legislative history. [Citation.]" (*Ibid.*) "In such cases, we ' " 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " ' [Citation.]" (*Id.* at p. 911.)

■ We find that the plain language of section 395, subdivision (b) provides that an action arising from certain consumer transactions, including a loan or extension of credit intended primarily for personal, family or household use, must be tried in the superior court of the county where either (1) the buyer or lessee signed the contract; (2) the buyer or lessee resided at the time he or she entered into the contract; or (3) the buyer or lessee resided at the commencement of an action. There is nothing in the language of section 395, subdivision (b) that limits its application to collection actions brought against a consumer defendant. Therefore, whether the action is brought *against a consumer defendant* or *by a consumer plaintiff,* the venue provisions of section 395, subdivision (b) apply as long as the action arises from a consumer transaction specified in the statute.

We are not convinced by defendants' argument that the venue provision of section 395, subdivision (b) is properly interpreted to apply only to actions against a consumer defendant, or, alternatively, does not apply where the consumer is the plaintiff and one of the defendants is an individual. Even assuming that there is some ambiguity regarding the scope of section 395, subdivision (b), we believe that the legislative history supports our plain language interpretation.

As noted in the pertinent California Law Revision Commission comment, section 395, subdivision (b) was amended in 1991. The 1991 amendments substituted " 'arising from an offer or provision of' for 'founded upon an obligation of the defendant for'; inserted the provision relating to actions arising from an unsolicited telephone call, and substituted 'buyer or lessee' for 'defendant' in three places . . . ." (Cal. Law Revision Com. com., 14A West's Ann. Code Civ. Proc. (2004 ed.) foll. § 395, p. 74.)

The legislative history further reveals that the 1991 amendments to section 395, subdivision (b) were intended to provide that an action arising from a

consumer credit transaction would be "venued" either in the county where the consumer signed the contract or the county where the consumer resides, consistent with the venue provisions of other consumer protection laws. The Senate committee report pertaining to the 1991 amendments noted, "General law provides that the proper county for the trial of actions (i.e., venue) based upon an obligation of a <u>defendant</u> for loans or extension of credit intended primarily for personal[,] family or household use is the county in where [*sic*] the <u>defendant</u> signed the contract or resided when the contract was entered or the action was filed. However, consumer actions under the Unruh Act [Civ. Code, § 1801 et seq.] or the Rees-Levering Motor Vehicle Sales and Financing Act [Civ. Code, §§ 2981–2984.4] are excluded from the general venue provision. Instead, the venue for a consumer action under these acts is either the county where the contract was signed or the county of the <u>consumer's</u> residence. [¶] This bill would: [¶] . . . [¶] Provide that the county or judicial district in which a <u>buyer or seller</u> signed a contract or in which the <u>buyer or lessee</u> resides, would be the proper court to bring an action arising from either (a) a 'consumer transaction' or (b) a transaction conducted through unsolicited telephone calls. (A consumer transaction is an offer or provision of good[s], services, loans or extension of credit intended primarily for personal, family or household use.)" (Sen. Com. on Judiciary, Rep. on Assem. Bill No. 1889 (1991–1992 Reg. Sess.) as amended June 13, 1991, p. 2.) (Original underscoring.)

The 1991 amendments to section 395, subdivision (b) were sponsored by the Department of Consumer Affairs. (Sen. Com. on Judiciary, Rep. on Assem. Bill No. 1889, *supra*, p. 3.) "The department argues that the better policy is to permit venue in the county of the residence of the injured consumer-plaintiff. This policy, proponents point out, is already established for consumer actions brought under the Unruh Act and the Rees-Levering Act." (*Ibid.*)

■ Thus, as intended by the Legislature, section 395, subdivision (b) provides a statutory exception to the general venue rule, by authorizing venue in the county where a consumer plaintiff resides at the commencement of his or her action arising from a consumer transaction as specified in the statute. Because Fontaine's action arises from a loan that he obtained primarily for personal, family or household use, which is a consumer transaction specified in section 395, subdivision (b), and Fontaine resided in Santa Clara County at the time his action commenced, venue is proper in Santa Clara County Superior Court.

The decisions on which defendants rely, *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94 [101 Cal.Rptr. 745, 496 P.2d 817] (*Barquis*) and *Yu v. Signet Bank/Virginia* (1999) 69 Cal.App.4th 1377 [82 Cal.Rptr.2d 304] (*Yu*),

do not support their contention that the application of section 395, subdivision (b) is limited to an action against a consumer defendant.

Describing its earlier decision in *Barquis*, the California Supreme Court has stated, "In *Barquis*, the plaintiffs alleged the defendant collection agency violated former [section] 396a by 'filing actions in improper counties, pursuant to statutorily inadequate complaints, for the purpose of impairing its adversaries' ability to defend these actions, and with the intent, and effect, of obtaining an increased number of default judgments.' [Citation.] Due to a statutory exception, the general rule that failure to move for a change of venue constitutes a waiver of any venue defects was inapplicable. [Citation.] We nevertheless concluded that 'when a trial court erroneously fails to dismiss or transfer the action and the defendant *does not raise a timely objection* to such error, . . . a final judgment rendered on an inadequate complaint is not void for lack of jurisdiction and thus cannot be set aside at any time in the future.' [Citation.]" (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 662 [16 Cal.Rptr.3d 76, 93 P.3d 1020].) Thus, the decision in *Barquis* does not involve the interpretation or application of section 395, subdivision (b).

While the decision in *Yu*, *supra*, 69 Cal.App.4th 1377, does concern section 395, subdivision (b), it is also inapposite. The plaintiffs in *Yu* brought a class action against defendant Signet Bank/Virginia that included a cause of action based on section 395, subdivision (b), in which they asserted that the bank had violated that venue provision by bringing collection actions against them in Virginia. (*Yu*, *supra*, 69 Cal.App.4th at p. 1395.) The appellate court determined that summary adjudication of the cause of action was properly granted because section 395, subdivision (b) does not apply to conduct outside California. (69 Cal.App.4th at p. 1397.) Thus, the decision in *Yu* did not address the application of section 395, subdivision (b) to conduct in California.

Finally, we find no merit in defendants' alternative argument that section 395, subdivision (b) does not apply to this action because the action does not arise from individual defendant Vargas's provision of a loan. There is nothing in either the language of section 395, subdivision (b) or its legislative history to indicate that this venue exception does not apply where one of the defendants is an individual.

We also disagree with defendants' narrow construction of the phrase "arising from" in section 395, subdivision (b). That section applies (with two exceptions not relevant here) to "an action arising from an offer or provision of goods, services, loans or extensions of credit intended primarily for personal, family or household use . . . ." (§ 395, subd. (b).) The word

"arising" is defined as "to originate from a source." (Merriam-Webster's Collegiate Dict. (10th ed. 2001) p. 62; see *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121–1122 [29 Cal.Rptr.3d 262, 112 P.3d 647] [courts appropriately refer to the dictionary definition to determine the ordinary meaning of a word in a statute].) As alleged in his complaint, the source of Fontaine's action is the loan that he obtained from CashCall, which led to the collection efforts by the individual defendants that Fontaine claims were unlawful. As we have determined, Fontaine's action therefore arises from a consumer transaction specified in section 395, subdivision (b), and, under that statutory venue exception, venue is proper in Santa Clara County Superior Court.

For these reasons, we conclude that venue is proper in Santa Clara County Superior Court and the trial court abused its discretion in ordering transfer of the action to Orange County Superior Court. As discussed below, we also conclude that a peremptory writ in the first instance is appropriate to correct the trial court's error expeditiously.

### C. *Peremptory Writ in the First Instance*

█ In limited situations, an appellate court may issue a peremptory writ in the first instance, without issuance of an alternative writ or order to show cause, and without providing an opportunity for oral argument. (§ 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1252–1253 [82 Cal.Rptr.2d 85, 970 P.2d 872].) "A court may issue a peremptory writ in the first instance ' "only when petitioner's entitlement to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue—for example, when such entitlement is conceded or when there has been clear error under well-settled principles of law and undisputed facts—or where there is an unusual urgency requiring acceleration of the normal process. . . ." [Citation.]' " (19 Cal.4th at p. 1241.)

However, section 1088 " ' "requires, at a minimum, that a peremptory writ of mandate or prohibition not issue in the first instance unless the parties adversely affected by the writ have received notice, from the petitioner or from the court, that the issuance of such a writ in the first instance is being sought or considered. In addition, an appellate court, absent exceptional circumstances, should not issue a peremptory writ in the first instance without having received, or solicited, opposition from the party or parties adversely affected" . . . .' " (*Lewis v. Superior Court, supra,* 19 Cal.4th at pp. 1240–1241.)

All procedural requirements for issuance of the writ in the first instance have been followed in the present case. We notified the parties that we were

considering issuance of a peremptory writ of mandate in the first instance, and defendants filed a written response. The applicable principles of the law of venue are well established, the relevant facts are undisputed, and petitioner's entitlement to relief is so obvious that plenary consideration of the issues is unnecessary. (*Lewis v. Superior Court, supra,* 19 Cal.4th at p. 1241.) Accordingly, we will grant the petition for writ of mandate in the first instance.

## IV. DISPOSITION

Let a peremptory writ of mandate issue directing respondent court to vacate the order of December 15, 2008, granting the motion to transfer the action to Orange County Superior Court and to enter a new order denying the motion. Costs in this original proceeding are awarded to petitioner.

Mihara, J., and McAdams, J., concurred.