Filed 7/15/14  City of Brawley v. Superior Court CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CITY OF BRAWLEY,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF IMPERIAL COUNTY,<br><br>        Respondent;<br><br>———————————————<br><br>FRANK RODRIGUEZ,<br><br>        Real Party in Interest. | D066145<br><br>(Imperial County<br>Super. Ct. No. JCF32751) |

PROCEEDINGS in mandate after superior court granted motion for pretrial discovery.  Raymundo Ayala Cota, Judge.  Petition granted in part and denied in part.

Dennis H. Morita, City Attorney, for Petitioner.

No appearance for Respondent.

Timothy Reilly, Imperial County Public Defender, and Jason Gundel, Deputy Public Defender, for Real Party in Interest.

Petitioner City of Brawley (the City) challenges an order granting the motion of real party in interest Frank Rodriguez for discovery of information in the personnel file of one of its police officers. We grant the petition in part and deny it in part.

FACTUAL AND PROCEDURAL BACKGROUND

Rodriguez is the defendant in a criminal action pending in respondent Imperial County Superior Court. The charges arose out of the discovery of knives and a hypodermic needle in Rodriguez's pockets after police officers of the City stopped and frisked Rodriquez in response to a 911 call that a man matching his description was pointing a gun at people in a school zone. Claiming that the legality of the search would be a substantial issue in the case and that the arresting officers had harassed him on multiple prior occasions by subjecting him to searches and seizures without either reasonable suspicion or probable cause, Rodriguez sought discovery of information concerning similar complaints of harassment that might be contained in the arresting officers' personnel files pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). Over the City's opposition and after reviewing the personnel files in chambers, respondent ordered the City to disclose to both Rodriguez and the People the names and contact information of two persons who made complaints of misconduct against one of the arresting officers.

The City challenged respondent's order by petition for writ of mandate, arguing Rodriguez did not establish good cause for *Pitchess* discovery and the People are not entitled to such discovery. We stayed the portion of respondent's order directing

2

disclosure to the People, solicited and obtained an informal response from Rodriguez, and notified the parties we were considering issuing a peremptory writ of mandate in the first instance. (See *Palma v. U.S. Industrial Fasteners*, *Inc.* (1984) 36 Cal.3d 171, 178-180.) In his response, Rodriguez contends respondent correctly ordered disclosure of *Pitchess* information to him, but he asserts the order directing disclosure to the People is "not supported by law" and does not oppose vacatur of that portion of the order.

## DISCUSSION

We agree with the parties that respondent erred by ordering disclosure of *Pitchess* materials to the People. Our Supreme Court has held "the prosecution has no automatic entitlement to defense-initiated *Pitchess* discovery." (*Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1046, fn. 6.) Unless the prosecution itself seeks *Pitchess* discovery and complies with the statutory motion procedure, "peace officer personnel records retain their confidentiality vis-à-vis the prosecution." (*Id.* at p. 1046.) Since the prosecution did not make a *Pitchess* motion, it is not entitled to receive the information respondent ordered disclosed to Rodriguez.

We further conclude issuance of a peremptory writ in the first instance is appropriate because the material facts are not in dispute, the law is well-settled, and Rodriguez has conceded respondent's error. (Code of Civ. Proc., § 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830, 842.)

3

## DISPOSITION

Let a writ of mandate issue directing respondent to vacate the portion of its order of May 20, 2014, that *Pitchess* discovery materials be disclosed to the People. In all other respects, the petition is denied. The stay previously issued by this court is dissolved. The parties shall bear their own costs of this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(B).)


_____

HUFFMAN, J.

WE CONCUR:


_____

IRION, J.


_____

BENKE, Acting P. J.

4